IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    Plaintiff,

        -vs-

Frank A. Catalano, III, Arlene A. Catalano
Ford Motor Credit Company, John Doe, Mary Roe
and XYZ Corporation,

                    Defendants.

---

Civil Action No.:
07-CV-0004 A

**AFFIDAVIT FOR
JUDGMENT OF
FORECLOSURE & SALE**

STATE OF NEW YORK )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER )

    Gerald N. Murphy, being first duly sworn, deposes and
says, that he is an attorney duly admitted to practice in
the Federal Courts of the Western District of the State of
New York, and assigned to handle this action on behalf of
the Plaintiff, United States of America, and is familiar
with the pleadings and proceedings herein and upon
information and belief, states further;

    1.  This is an action in this Court to foreclose
certain real property mortgage(s) dated  11/25/1987, and
recorded on 11/25/1987 executed by the defendant(s), Frank
A. Catalano, III, Arlene A. Catalano (hereinafter referred

to as the "Debtor") to the United States of America, acting through its Agency in order to secure promissory note(s) executed and delivered to the Plaintiff, dated 11/25/1987 in the amount of $42,000.00 at the rate of 9%.

2.  As evidence of the indebtedness, the Debtor did execute and deliver to the plaintiff a Promissory Note dated 11/25/1987, a true copy of which is attached as Exhibit "A".

4. In order to secure the payment of the indebtedness the Debtor, did execute, acknowledge and deliver to the plaintiff, a real property mortgage dated 11/25/1987, a true copy of which is attached as Exhibit "B".

5. The mortgage was duly recorded on 11/25/1987 in the Erie County Clerk's Office in Liber 9877 of Mortgages at Page 105.

6. This loan was reamortized by Reamortization Agreement executed by the Debtors on 6/25/1997. A copy of the Reamortization Agreement is attached hereto as Exhibit "C".

7. On or about 6/13/1990, at the request of the defendant, Frank A. Catalano, III, Arlene A. Catalano, (hereinafter referred to as the "Debtor"), the plaintiff, the United States of America, acting by and through its agency, Farmers Home Administration, n/k/a Rural Housing Service, did lend to the Debtor, the sum of $29,100.00, which sum the Debtor did undertake and promise to repay, with interest at 8.75% in specified monthly installments.

8. As evidence of the indebtedness, the Debtor did execute and deliver to the plaintiff a Promissory Note dated 6/13/1990, a true copy of which is attached as Exhibit "D".

9. In order to secure the payment of the indebtedness the Debtor did execute, acknowledge and deliver to the plaintiff, a real property mortgage dated 6/13/1990, a true copy of which is attached as Exhibit "E".

10. The mortgage was duly recorded on 6/29/1990 in the Erie County Clerk's Office in Liber  10734 of Mortgages at Page 675.

11. This loan was reamortized by Reamortization Agreement executed by the Debtors on 6/25/1997. A copy of the Reamortization Agreement is attached hereto as Exhibit "F".

12. Pursuant to the terms of certain Interest Credit Agreements executed by a representative of the Farmers Home Administration and the Debtor, the interest described in the Promissory Note was reduced during each Agreement's effective period. Pursuant to 42 U.S.C. 1490a, and the fifth paragraph of the first "WHEREAS" clause of the Mortgage, any interest credit assistance is subject to recapture upon the disposition of the property. True copies of said Subsidy Repayment Agreement and the Interest Credit Agreements and Data Entry Sheets are attached as Exhibits "G" and "H", respectively.

13. On 7/19/2005 an Order for Relief under Chapter 7 of the Bankruptcy Code was entered based upon a petition filed by Arlene A. Catalano in the United States Bankruptcy Court for the Western District of New York as Case Number 05-16154. On 11/03/2005, the Bankruptcy Court entered an Order discharging the Arlene A. Catalano and the bankruptcy case was subsequently closed on 11/30/2005.

14.   This action was commenced on 1/4/2007, by the filing of the original complaint in the office of the Clerk of this Court.  A copy of the Summons and Complaint is attached as Exhibit "I".

15.   As appears by the Affidavits of Service, on file in the office of the Clerk of this Court, each of the defendants named in the Complaint in this action was duly served with the Summons and Complaint more than twenty days ago.  Upon information and belief, none of the individual defendants are in the military service of the United States of America, as defined in the Soldiers and Sailors Civil Relief Act of 1940, nor are any of the defendants infants or incompetent persons.

16.   Each of the defendants is in default for want of appearance, defense or answer, although the time for each of the defendants to appear, answer, or otherwise defend in this action has expired.

17.   Pursuant to Federal Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court entered a Certificate of the Entry of Default against defendants,

Arlene A. Catalano, Ford Motor Credit Company, John Doe, and Mary Roe on 2/21/2007. A copy of the Clerk's Entry of Default is attached hereto as Exhibit "J".

18.   Pursuant to Federal Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court entered a Certificate of Entry of Default against defendant, Frank A. Catalano, III on 4/3/2007. A copy of the Clerk's Entry of Default is attached hereto as Exhibit "K".

19.   The true names of the defendant, John Doe, Mary Roe and XYZ Corporation were unknown at the time the summons and complaint were filed in this action, those names being fictitious but intending to designate tenants or occupants, if any, having an interest in possession upon the premises at issue. Service on the defendant, John Doe, Mary Roe and XYZ Corporation was perfected on 01/06/2007. At the time of this service at the premises at issue, the process server found that Frank Catalano and Jennifer Catalano are a tenant or occupant and therefore had an interest in the real property at issue and duly served Frank Catalano and Jennifer Catalano with a copy of the summons and complaint in this action and that there were no other tenants or occupants residing at the premises at

issue and therefore, the defendant, "XYZ Corporation" is an unnecessary party defendant to this action. A copy of the Affidavit of Service upon Frank Catalano and Jennifer Catalano as defendant, John Doe and Mary Roe are attached as Exhibit "L" and a copy of the Attempted Affidavit of Service of the process server on defendant XYZ Corporation is attached as Exhibit "M".

20. A Notice of Pendency of this action, containing all the particulars required by law to be stated in such Notice, was duly filed in the office of the Clerk of this Court on 1/4/2007, and a duplicate original of that Notice was filed in the Erie County Clerk's Office on or about 1/8/2007.

21. The Debtors did not comply with the provision and conditions of the notes and mortgages by failing to make payments in accordance with their provisions. A copy of the Acceleration Letters are attached hereto as Exhibit "N".

22. By reason of these defaults plaintiff has elected to declare the entire sum secured by the mortgages to be immediately due and payable.

23. As appears by the attached Affidavit of Plaintiff executed by a representative of the U.S.D.A. Rural Housing Service there was justly due and owing on, and secured by such mortgages, as of 3/21/2007, the sum of $130,558.97. The Affidavit of Plaintiff is attached hereto as Exhibit "O".

24. The mortgaged premises consist of a parcel of land located at 6980 Wellington Drive, Derby, New York, improved with a single family home; as such the premises cannot be sold except as a single parcel, and a sale in one parcel will be most beneficial to the interests of the parties.

25. Since the filing of the Notice of Pendency of this action, the Complaint has not been amended.

26. That a request for an award of costs in the amount of $632.50 is included with this application. A Bill of Costs is attached hereto as Exhibit "P".

27. That a request for an award of reasonable attorney's fees in the amount of $1,950.00 is included with

this application.  An affidavit in support of an award of
attorney's fees is attached hereto as Exhibit "Q".


28.  No other or previous application has been made
for the relief herein sought, or for similar relief.

S/Gerald N. Murphy
_____
FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY 14604
(585) 325-7515
Fax: (585) 325-6287
Email: Murphy@forsythhowe.com


Sworn to before me, on
April 4, 2007

Jane E. Kehoe
_____
Notary Public

JANE E. KEHOE
Notary Public, State of New York
Monroe County, #01KE6094677
Commission Expires 06/23/20 07

# CERTIFICATE OF SERVICE BY MAIL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,       CV NO. 07-CV-0004 A

      -v-

Frank A. Catalano, III, Arlene A. Catalano, et al.,

                Defendants.

The undersigned hereby certifies that she is an employee of Forsyth, Howe, O'Dwyer, Kalb & Murphy, PC, attorneys for the plaintiff and is a person of such age and discretion as to be competent to serve papers.

That on April 4 , 2007, she served the following copies:  1)  Copy of Notice of Motion for Judgment of Foreclosure and Sale;

2)  Copy of the proposed Judgment of Foreclosure and Sale;

3)  Copy of the Affidavit in Support of Motion for Judgment of Foreclosure and Sale,

by placing a copy in a post-paid envelope addressed to the persons named below, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at One Chase Square, Suite 1900, Rochester, NY 14604.

Michael R. Wyszynksi, Esq.
Attorney for defendant,
Frank A. Catalano, III
950-A Union Road
West Seneca, NY 14224

Arlene A. Catalano
6980 Wellington Drive
Derby, NY 14047,

Ford Motor Credit Company
17197 N. Laurel Park Drive Suite 402
Livonia, MI 48152

Frank Catalano
6980 Wellington Drive
Derby, NY 14047

Jennifer Catalano
6980 Wellington Drive
Derby, NY 14047

_____
Martha Daley

**EXHIBIT A**

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

*C'ATALANO III*
*FRANK A*
*ARLENE A.*

PROMISSORY NOTE

| KIND OF LOAN |
|---|
| Type: __RURAL HOUSING__ |
| Pursuant to: |
| ☐ Consolidated Farm and Rural Development Act. |
| ☒☒ Title V of the Housing Act of 1949. |

| STATE |
|---|
| NEW YORK |
| COUNTY |
| ERIE |
| CASE NO. |
| 37-15-080462611 |

*REAMORTIZED NOT PAID*

Date __NOVEMBER__ X __25__ , 19 __87__ .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

__EAST AURORA, NEW YORK 14052__ _____ ,

**THE PRINCIPAL SUM OF** __FORTY-TWO THOUSAND AND NO/100__ _____

**DOLLARS ($** __42,000.00 — — — — — — — — — —__ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

__NINE — — — — — — — — — — — —__ **PERCENT (** __9.0000__ %) **PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ , 19 ___ . Payment of Principal and later accrued Interest shall be in _____
installments as indicated in the box below;

☐ II.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 ____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___ , through _____ , 19 ___ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒☒ IV.   Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

| |
|---|
| $ __333.00__ _____ on __DECEMBER__ X __25__ , 19 __87__ , and |
| $ __333.00__ _____ thereafter on the X __25ᵗʰ__ of each __MONTH__ until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __THIRTY-THREE — — —__ ( __33 — — — —__ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X ~~Frank A. Catalano III~~ (SEAL)
Frank A. Catalano, III   *(BORROWER)*

X ~~Arlene A. Catalano~~ (SEAL)
Arlene A. Catalano   *(SPOUSE)*

DERBY, NY 14047

"A Reamortization Agreement and/or Deferral
Agreement dated 6-25-97 in the
Principal Sum $ 41,489.03 has been given
to modify the payment schedule of this note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ 42,000.00 | 11/25/87 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 42,000.00 | 11/25/87 |

**EXHIBIT B**

BOX 200

Mortgage

Frank J. Catalano
and
Anna A. Catalano
264

USA Savings

Franklin Savings
Federal Savings
Association

LIBER 9877 PAGE 108

FILED
1987 NOV 25 PM 1:40
ERIE COUNTY
CLERK'S OFFICE

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE
Recorded ......9877...... Pages 108
of ........................
on the ....25...... day of ..Nov..
A.D. 19..87.. at 1:40 o'clock, P.M.
and examined.

David J. Swarts
CLERK

2-17-00-50

Form FmHA 427-1 NY
(Rev. 6-85)

# REAL ESTATE MORTGAGE FOR NEW YORK

~~FARNK~~ A. CATALANO III and ARLENE A.

THIS MORTGAGE, is made and entered into by _FRANK_

CATALANO, his wife

residing in _____**Erie**_____ County , whose post office address

is _____**6980 Wellington Drive, Derby, New York  14047**_____

herein called "Borrower", and the United States of America, acting through Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note", which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| Nov. 25, 1987 | $42,000.00 | 9.00% | Dec.25, 2020 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved:

NOW, THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grants, bargains, sells, conveys, assigns, mortgages, and forever warrants unto the Government the following property, herein called "the Property" situated in the County of

**Erie**

_____, State of New York.

Ser. C.E. _24 710_          _11/25_ 19_87_

RECEIVED MORTGAGE RECORDING TAX

_____ $ Basic
_____ $ Add
_____ $ S.A.T.
_____ $ TOTAL

DAVID J. SWARTS, Recording Officer, Erie County Per_____

LIBER 9877 PAGE 105

13A-51-1-962-966 inc

FmHA 427-1 NY (Rev. 6-85)

All that tract or parcel of land situate
in the Town of Evans, County of Erie and State of
New York, being part of Lot No. 51, Township 9,
Range 9 of the Holland Land Company's Survey and
according to maps filed in Erie County Clerk's
Office under Cover No.s 1180 and 1542, is known as
subdivision lots numbers nine hundred sixty-two
(962) to nine hundred sixty-six (966) inclusive,
situate on the west side of Washington Drive,
now Wellington Drive

---

13A-51-1-962-966 Inc.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Govern-ment, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Bor-rower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)    To comply with all laws, ordinances, and regulations affecting the property.

(11)    To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)    Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)    At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)    The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)    If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)    Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and the default under any such other security instrument shall constitute default hereunder.

(17)    SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, and (c) enforce any and all other rights and remedies provided herein or by present or future law.

(18)    The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)    Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Syracuse, New York 13210, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(24) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering fixtures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described real estate.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____25th_____ day

of _____November_____, 19__87__.

In the presence of

_____    X _Frank A. Catalano_____ (SEAL)

_____    X _Arlene A. Catalano_____ (SEAL)

### ACKNOWLEDGMENT

STATE OR TERRITORY OF ___New York___ }

COUNTY OF ___Erie___ } ss.:

On the __25th__ day of __November__, 19__87__, before me, came
**FRANK A. CATALANO III and ARLENE A. CATALANO, his wife**

to me known to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged to me that ___they___ executed the same for the purposes therein contained.

(SEAL)

My commission expires ___6/30/89___

_____ Notary Public.
GEORGE W. TRIMPER, JR.
STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY

**EXHIBIT C**

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 37 | 15 | 2611 | 46 | 03 | 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of FORTY-TWO THOUSAND AND 00/100————————————— Dollars ($ 42,000.00 ),

plus interest on the unpaid principal of NINE AND 00/100——— percent ( 9.00 %) per year, which was made or assumed by

FRANK A. CATALANO III and ARLENE A. CATALANO

(called "I/We"), dated NOVEMBER 25 , 19 87 , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ 41,224.74 . The accrued interest to date is

$ 264.29 . The total debt to date is $ 41,489.03 , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

☒ **A. Reamortization**

(1) The first installment in the amount of $ 355.00 , will be due and payable on

JULY 25 , 19 97 .

(2) Thereafter, regular installments, each in the amount of $ 355.00 , will be due and

payable on the 25TH D DAY of each MONTH until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

NOVEMBER 25 , 2020 .

☐ **B. Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to _____ .

19 ____, shall be added to the principal. The new installment schedule will be as follows:

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

and $ _____ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

_____ , _____ .

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

X ~~Frank A. Catalano III~~

FRANK A. CATALANO III                                      *(Borrower)*

JUNE 25, 1997
_____
*(Date)*

X ~~Arlene C. Catalano~~

ARLENE A. CATALANO                                        *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____

THOMAS J. DANKERT

Title  Community Development Manager

Date  JUNE 25, 1997

**EXHIBIT D**

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

# PROMISSORY NOTE

*CA P A* 

| TYPE OF LOAN | STATE |
|---|---|
| | NEW YORK |
| RURAL HOUSING | COUNTY |
| | ERIE |
| | CASE NO. |
| | 37-15-080462611 |

*PAID PERMANENTLY PAID* (stamp)

Date __×__ *6-13* _____, 19 **90** .

    FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ **EAST AURORA, NEW YORK** _____ ,

THE PRINCIPAL SUM OF __TWENTY NINE THOUSAND ONE HUNDRED AND 00/100 — — — — — — — —__

DOLLARS ($ __29,100.00 — — — — — — — — — — — — — —__ ), plus INTEREST on the UNPAID PRINCIPAL of

__EIGHT AND THREE FOURTHS —__ PERCENT ( __08.7500 —__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☒ I.    Principal and Interest payments shall be deferred. The interest accrued to __AUGUST 29_____, 19 **90**

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in __394_____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ __29,168.97_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19____, through _____ , 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.    Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

| | | |
|---|---|---|
| $ _____226.00_____ on _____ SEPTEMBER 25 _____ , 19 **90** , and | | |

$ _____226.00_____ thereafter on the __25TH__ of each __MONTH__

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE __THIRTY-THREE —__ ( __33 — — — — — —__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X _Frank A. Catalano III_ (SEAL)
Frank A. Catalano, III (BORROWER)

X _Arlene A. Catalano_ (SEAL)
Arlene A. Catalano (SPOUSE)

_George J. Trimper_

GEORGE J. TRIMPER JR.
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires ~~March 30, 19~~ 9 1
June

Derby, New York     14047

"A Reamortization Agreement and/or Deferral
Agreement dated _6-25-97_ in the
Principal Sum $ _22627.34_ has been given
to modify the payment schdule of this note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ 1,150.00 | 6/29/90 | (9) $ | | (16) $ | |
| (3) $ 8,385.00 | 7/18/90 | (10) $ | | (17) $ | |
| (4) $ 5,000.00 | 7/26/90 | (11) $ | | (18) $ | |
| (5) $ 14,565.00 | 8/29/90 | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 29,100.00 | 8/29/90 |

★ U.S. Government Printing Office: 1987—723-431/61518

EXHIBIT E

'RANK A. CATALANO III and ARLENE A. CATALANO, H/W, MORTGAGORS

(

                                                        to

UNITED STATES OF AMERICA, Acting Through FARMERS HOME ADMINISTRATION,

                                                                    Mortgagee

Re:  MORTGAGE (2d) on 6980 Wellington Road, Derby, N. Y.

13a.-51-1-962-766 Inc.

CLERK'S OFFICE
ERIE COUNTY

1990 JUN 29 PM 3: 40

FILED

655

STATE OF NEW YORK
ERIE CO. CLERK'S OFFICE
Recorded in Liber 16724
page 677 of Mortg
on the 29
day of _____ A.D., 19 90
at 3:40 O'clock ___ m
and examined.
DAVID J. SWARTS, County Clerk
                    COUNTY CLERK

B053696-17
2-4-0

## REAL ESTATE MORTGAGE FOR NEW YORK

THIS MORTGAGE, is made and entered into by <u>FRANK A. CATALANO III and ARLENE A. CATALANO, Husband and Wife</u>

residing in _____ <u>Erie</u> County , whose post office address

is <u>6980 Wellington Drive, Derby, New York 14047</u>

herein called "Borrower", and the United States of America, acting through Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation recapture agreement, herein called "note", which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount Plus Non-Capitalized Interest | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| June 13, 1990 | $29,100.00 * | 08.7500% | June 13, 2023 |

\* Twenty-Nine Thousand One Hundred Dollars)

(Non-capitalized interest only applies in the case of Farmer Program loans being serviced in accordance with 7 CFR Part 1951 Subpart S.)

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved:

NOW, THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grants, bargains, sells, conveys, assigns, mortgages, and forever warrants unto the Government the following property, herein called "the Property" situated in the County of

_____ <u>Erie</u> _____ , State of New York.

LIBER 0734 PAGE 675

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of

Evans, County of Erie and State of New York, being part of Lot

No. 51, Township 9, Range 9 of the Holland Land Company's Survey

and according to maps filed in Erie County Clerk's Office under

Cover 1180 and 1542, is known as subdivision lots numbers nine

hundred sixty-two (962) to nine hundred sixty-six (966) in-

clusive, situate on the west side of Washington Drive, now

Wellington Drive.

Ser. C.H. _10578_ _6/19_ 19_90_

RECEIVED MORTGAGE RECORDING TAX

_____ $ Basic

_____ $ Add

_____ $ S.A.T.

_____ $ TOTAL

DAVID J. SWARTS, Recording Officer, Erie County Per_____

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

LIBER 0734 PAGE 676



(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and the default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, and (c) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Syracuse, New York 13210, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(25) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering fixtures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described real estate.

(26) "Section 13 of the Lien Law."

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____13th_____ day

of _____June_____ , 19 90 .

In the presence of

_____     _Frank A. Catalano III_  (SEAL)

_____     _Arlene C. Catalano_  (SEAL)

## ACKNOWLEDGMENT

STATE OR TERRITORY OF ___NEW YORK___ }

COUNTY OF ___ERIE___ } ss:

On the _____13th_____ day of _____June_____ , 19 90 , before me, came

___FRANK A. CATALANO III and ARLENE A. CATALANO___

to me known to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged to me

that ___they___ executed the same for the purposes therein contained.

LIBER 0734 PAGE 678

_George J. Trimper_

(SEAL)                                                                          Notary Public.

My commission expires ___June 30, 1991___     GEORGE J. TRIMPER JR.
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires March 30, 19 91
June

**EXHIBIT F**

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 37 | 15 | 2611 | 46 | 04 | 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of TWENTY NINE THOUSAND ONE HUNDRED SIXTY EIGHT 97/100 Dollars ($ 29,168.97 ),

plus interest on the unpaid principal of EIGHT AND THREE QUARTERS percent ( 8.75 %) per year, which was made or assumed by

FRANK A. CATALANO III and ARLENE A. CATALANO

(called "I/We"), dated JUNE 29 , 19 90 , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ 27,152.24 . The accrued interest to date is

$ 475.00 . The total debt to date is $ 27,627.24 , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

[XX] **A. Reamortization**

(1) The first installment in the amount of $ 225.00 , will be due and payable on

JULY 25 , 19 97 .

(2) Thereafter, regular installments, each in the amount of $ 225.00 , will be due and

payable on the 25TH DAY of each MONTH until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

JUNE 25 , 2023 .

[ ] **B. Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to ................... ,

19 ......., shall be added to the principal. The new installment schedule will be as follows:

$ ................................. on ................................. , 19 ........

$ ................................. on ................................. , 19 ........

$ ................................. on ................................. , 19 ........

$ ................................. on ................................. , 19 ........

$ ................................. on ................................. , 19 ........

$ ................................. on ................................. , 19 ........

and $ ................................. thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

................................. , ................ .

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

X _____
    FRANK A. CATALANO III        *(Borrower)*

JUNE 25, 1997
———————————————
    *(Date)*

X _____
    ARLENE A. CATALANO        *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
    THOMAS J. DANKERT

Title Community Development Manager

Date JUNE 25, 1997

*U.S. GPO: 1991-554-009/43009

**EXHIBIT G**

### UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION
21 SOUTH GROVE STREET
EAST AURORA, NEW YORK  14052
#### Subsidy Repayment Agreement

Date of Note 11/25/87 Amount of Note $42,000. Date of mortgage 11/25/87

Date of Note _____ Amount of Note _____ Date of mortgage _____

Type of assistance:  RH 502

1. Interest credit /XXX/
2. Homeownership Assistance
   Program /   /

Address of Property: _____

DERBY, NY  14047

BORROWER:  FRANK A. CATALANO, III

CO-BORROWER:  ARLENE A. CATALANO

1   This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2   I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3   I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received. I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us). I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received. I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us). If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid. The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

(a)  Unpaid balance of loans secured by a prior mortgage as well as
real estate taxes and assessments levied against the property which
are due will be paid.

(b)  Unpaid principal and interest owed on FmHA RH loans for the
property and advances made by FmHA which were not subsidy and are
still due and payable will be paid to the Government.

(c)  I (we) will receive from the sale proceeds actual expenses
incurred by me (us) necessary to sell the property. These may include
sales commissions or advertising cost, appraisal fees, legal and
related costs such as deed preparation and transfer taxes. Expenses
incurred by me (us) in preparing the property for sale are not allowed
unless authorized by the Government prior to incurring such expenses.
Such expenses will be authorized only when FmHA determines such expenses
are necessary to sell the property, or will likely result in a return
greater than the expense being incurred.

(d)  I (we) will receive the amount of principal paid off on the
loan calculated at the promissory note interest rate.

(e)  Any principal reduction attributed to subsidized interest
calculations will be paid to the Government.

(f)  I (we) will receive my original equity which is the difference
between the market value of the security, as determined by the
FmHA appraisal at the time the first loan subject to recapture of
subsidy was made, and the amount of the FmHA loan(s) and any
prior lien. This amount is _____ and represents
_____ percent of the market value of the security. (The

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called <u>value appreciation</u>.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent: _____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


X _____ Borrower
Frank A. Catalano III
X _____ Co-Borrower
Arlene A. Catalano
NOVEMBER    , 1987
         Date signed


Accepted and Agreed to
By _____ (FmHA Official)
   Reginald W. Barker
   COUNTY SUPERVISOR            (Title)

   DECEMBER 11, 1987
         Date


oOo

EXHIBIT H

FORM APPROVED
OMB No. 0575-0059
Expiration date available on request.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |

TYPE OF AGREEMENT
1. ☒ New    2. ☐ Renewal    3. ☐ Corrected

CASE NUMBER 2611

PAYMENT PLAN 10/24/87
☐ Annual  ☒ Monthly

EFFECTIVE DATE OF AGREEMENT NOV. 25, 1987

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)   CATALANO III, FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. III | 34 | 18,915 | | Erie Co Highway Dept, Public Works Jennings Rd & Rte. 39, Collins, NY 14034 |
| 2. ARLENE | 33 | 4,007 | | Tarners Pharmacy 11 Commercial St, Angola, NY 14006 |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling    3

C. Annual Real Estate Taxes (Dwelling Only) $1,382.    Annual Property Insurance Premium (Dwelling Only) $377. Home & Flood

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

Nov. 25, 1987
(Date)

X Frank A. Catalano III (Borrower)
Frank A. Catalano, III

X Arlene A. Catalano (Co-Borrower)
Arlene A. Catalano

III. TO BE COMPLETED BY COUNTY OFFICE

| 1. Annual Income | 22,922. |
|---|---|
| 2. Deductions | 1,440. |
| 3. Adjusted Annual Income | 21,480. |
| (1 minus 2) | |

☒ Low-Income  ☐ Moderate-Income
Limit Maximum 24,750.

| 4. Note Installment | ( 3,996. ) | 3,996 |
|---|---|---|
| 5. Note Installment | | |
| 6. Real Estate Tax | ( 1,382. ) | 1430 |
| 7. Property Insur. | ( 377. ) | 190 |
| 8. Total | ( 5,755. ) | 5,616 |
| 9. Adjusted Income x 20% | ( 4,296. ) | 3,980 |
| 10. Difference | ( 1,459. ) | 1,636 |

| 11. Note Installment | 3,996 |
|---|---|
| 12. Note Installment at 1% Rate | 1,500 |
| 13. Difference | 2,496 |
| 14. Interest Credit Annual XXXXXX XXXXXX | |
| Monthly (136) $122. | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $197. dollars per month for 12 months beginning DEC. 25, 1987 If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay_____ dollars on or before January 1, 19 _____ If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay: _____ dollars on or before January 1, 19 _____ This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

• In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

DECEMBER 11, 1987
(Date Approved)

COUNTY SUPERVISOR
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By Reginald W. Barker
Reginald W. Barker

RETURN TO: MAIL CODE : 37-15

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 7-26-84)

FORM APPROVED
OMB No. 0575-0059
Expiration date available on request.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |

TYPE OF AGREEMENT
1 ☐ New   2 ☒ Renewal   3 ☐ Corrected

CASE NUMBER  2611

PAYMENT PLAN  EXP MONTH 11
☐ Annual  ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT  11/25/88

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (if additional space is needed, attach additional sheets)   CATALANO III, FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 35 | $20,000 | | ERIE COUNTY DEPT. OF HIGHWAYS RTE. 39 & JENNINGS, COLLINS, N.Y. |
| 2. ARLENE A. CATALANO | 33 | $3,000 | | TARNER'S PHARMACY 11 COMMERCIAL ST. ANGOLA N.Y. |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling   3

C. Annual Real Estate Taxes (Dwelling Only) $792.10 (COUNTY) Annual Property Insurance Premium (Dwelling Only) $377 FLOOD & HOMEOWNERS

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING:   Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 8-20-88 | X Frank A. Catalano III | X Arlene C. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | |
|---|---|---|---|
| 1. Annual Income  23,200. | 4. Note Installment ( )  $ 3,996 | 11. Note Installment  $ 3,996 |
| | 5. Note Installment ( ) | 12. Note Installment at 1% Rate  $ 1,500 |
| 2. Deductions  1,440. | 6. Real Estate Tax ( )  1,408. | 13. Difference  $ 2,496 |
| | 7. Property Insur. ( )  377. | 14. Interest Credit |
| 3. Adjusted Annual Income (1 minus 2)  21,760. | 8. Total ( )  5,781. | Annual XXXXX XXXXX |
| | 9. Adjusted Income x 20% ( )  4,352. | Monthly  $119. |
| ☒ Low-Income ☐ Moderate-Income Limit Maximum  26,800. | 10. Difference  1,429. | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $214. dollars per month for 12 months beginning 12/25/88. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXXXX dollars on or before January 1, 19 XXXXXXXXXX This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.   SUBSIDY 88 $1692 IS THIS CORRECT ( )

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

| August 25, 1988 | UNITED STATES DEPARTMENT OF AGRICULTURE FARMERS HOME ADMINISTRATION |
|---|---|
| (Date Approved) | |
| County Supervisor | By Reginald Barker |
| (Title) | Reginald W. Barker |

RETURN TO:

| 37-15 CATALANO III, FRANK CATALANO, ARLENE A | 37-15 COUNTY SUPERVISOR USDA, FARMERS HOME ADMIN. ERIE CO FM & HM CENTER 21 S GROVE ST |
|---|---|
| DERBY  14047 | EAST AURORA NY  14052 |

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 11/87)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-005!

DATE OF NOTE
11/25/87

AMOUNT OF NOTE
$42,000.00

INTEREST CREDIT AGREEMENT
(Section 502 RH Loans)

TYPE OF AGREEMENT
1 ☐ New    2 ☒ Renewal    3 ☐ Corrected

CASE NUMBE!    2611

PAYMENT PLAN    EXP MONTH 11
☐ Annual  ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT 11/25/89

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)

CATALANO III,FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|------|-----|-------|------|--------|
| | | WAGES | OTHER | |
| 1. FRANK A CATALANO III | 36 | $20,000 | | ERIE COUNTY DEPARTMENT OF HIGHWAY (ANGOLA) DELAMETER RD , ANGOLA |
| 2. ARLENE A. CATALANO | 34 | | ? | PREVIOUS TARNER'S PHARMACY II @COMMERCIAL , ANGOLA NOW BUFFALO NEWS - DEALER · FROM HOME |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling    3

C. Annual Real Estate Taxes (Dwelling Only) $1,859    Annual Property Insurance Premium (Dwelling Only) $414.00

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING:  Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

9/11/89
(Date)

Frank A Catalano III    Arlene A Catalano
(Borrower)    (Co-Borrower)

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1. Annual Income | 24,491 | 4. Note Installment | ( | ) | $ 3,996 | 11. Note Installment | $ 3,996 | |
| 2. Deductions | 1,440 | 5. Note Installment | ( | ) | | 12. Note Installment at 1% Rate | $ 1,500 | |
| | | 6. Real Estate Tax | ( | ) | 1,830 | 13. Difference | $ 2,496 | |
| | | 7. Property Insur. | ( | ) | 414 | 14. Interest Credit | | |
| 3. Adjusted Annual Income | 23,050 | 8. Total | ( | ) | 6,240 | Annual XXXXX XXXXX | | |
| (1 minus 2) | | 9. Adjusted Income | | | 4,610 | Monthly 136 | | |
| ☒ Low-income  ☐ Moderate Income Limit Maximum | 28,600 | x 20% | ( | ) | 1,630 | | | |
| | | 10. Difference | ( | ) | 197 | | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars per month for 12 months beginning 12/25/89 If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXXX dollars on or before January 1, 19 XXXXXXXXX This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

SUBSIDY 89   $1428   IS THIS CORRECT? (N)

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

October 30, 1989
(Date Approved)

County Supervisor
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By  Reginald W. Barker

RETURN TO:

37-15
CATALANO III,FRANK
CATALANO,ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE ST
EAST AURORA NY  14052

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

FmHA 1944-A6 (Rev. 11/

Form FmHA 1944-6
(Rev. 9-86)

FORM APPROVED
OMB NO. 0575-0059

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

Payment Plan
☐ Annual   ☒ Monthly

Type of Agreement
1 ☒ New   2 ☐ Renewal   3 ☐ Corrected

Case Number ․2611

Effective Date of Agreement
8/29/90

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II. TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months Wages | Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. Frank A. Catalano, III | 37 | 24,230. | | Erie County Dept. of Highways 50 West Ave. Hamburg, NY |
| 2. Arlene A. Catalano | 35 | 18,000. | | Self Employed |
| 3. | | | | |

**B.** Number of dependents *(not including foster children)* residing in the dwelling    3

**C.** Annual Real Estate Taxes *(Dwelling Only)* 1,722.    Annual Property Insurance Premium *(Dwelling Only)* 437.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

6-13-90    X Frank A Catalano    X Arlene C Catalano
*(Date)*    *(Borrower)*    *(Co-Borrower)*

**III. TO BE COMPLETED BY COUNTY OFFICE**

| | | | | |
|---|---|---|---|---|
| 1. Annual Income | 43,070. | 4. Note Installment ( ) | 6,708. | 11. Note Installment 6,708. |
| 2. Deductions | 1,440. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate 2,544. |
| 3. Adjusted Annual Income (1 minus 2) | 41,630. | 6. Real Estate Tax ( ) | 1,722. | 13. Difference 4,164. |
| | | 7. Property Insur. ( ) | 437. | 14. Interest Credit: |
| ☐ Low-Income   ☒ Moderate-Income Limit-Maximum | 28,600. | 8. Total ( ) | 8,867. | Annual XXXXX |
| | | 9. Adjusted Income x 20% ( ) | 8,326. | Monthly 45.00 |
| | | 10. Difference ( ) | 541. | |

**IV. MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $514.00 dollars per month for 12 months beginning 9/25/90. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V. ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19 ___. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19 ___. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrower's required payment will be $ _____ rather than the amount shown above.

September 17, 1990
*(Date Approved)*
County Supervisor
*(Title)*

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By Reginald W. Barker

**RETURN TO:**

CATALANO, FRANK III
CATALANO, ARLENE A.

Derby, NY    14047

COUNTY SUPERVISOR
FARMERS HOME ADMINISTRATION
21 South Grove Street
East Aurora, NY    14052

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 7/89)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVE
OMB No.0575-00

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

PAYMENT PLAN  EXP MONTH 08

☐ Annual  ☒ Monthly

TYPE OF AGREEMENT

1 ☐ New  2 ☒ Renewal  3 ☐ Corrected

CASE NUMBE  2611

EFFECTIVE DATE
OF AGREEMENT  06/25/91

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)  CATALANO III,FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

PLANNED INCOME
NEXT 12 MONTHS

| NAME | AGE | WAGES | OTHER | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| 1. FRANK A. CATALANO III | 37 | 21,000 | | ERIE COUNTY DEPT. OF HIGHWAYS 50 WEST AVE. HAMBURG, N.Y. 6980 WENINGTON DR. |
| 2. ARLENE A. CATALANO | 36 | 21,600 | | DERBY, N.Y. 14047  SELF-EMPLOYED |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling  3

C. Annual Real Estate Taxes (Dwelling Only)  $2,063.76  Annual Property Insurance Premium (Dwelling Only)  #465

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 5-20-91 | Frank A. Catalano III | Arlene C. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | |
|---|---|---|---|---|
| 1. Annual Income  35,887. | I. Note Installment ( ) | $ 6,708 | 11. Note Installment | $ 6,708 |
| | 5. Note Installment ( ) | | 12. Note Installment | |
| 2. Deductions  1,440 | 6. Real Estate Tax ( ) | 2,064. | at 1% Rate | $ 2,544. |
| | 7. Property Insur. ( ) | 465 | 13 Difference | $ 4,164 |
| 3. Adjusted Annual Income  34,450. | 8. Total ( ) | 9,237. | 14. Interest Credit | |
| (1 minus 2) | 9. Adjusted Income | 6,890. | Annual XXXXXX  XXXXX | $196.00 |
| ☐ Low-Income  ☒☒ Moderate-Income | x 20% | | Monthly | |
| Limit Maximum  $36,150 | 10. Difference ( ) | 2,347. | | $363.00  dollars per month for 12 |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay months beginning  10/25/91  If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months.

This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay  XXXXXXXXXXX  dollars on or before January 1, 19  XXX  If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay  XXXXXXXX  dollars on or before January 1, 19  XXXXXXXXX  This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ rather than the amount shown above.

November 5, 1991
(Date Approved)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

County Supervisor
(Title)

By  Reginald W. Barker

RETURN TO:

37-15
CATALANO III,FRANK
CATALANO,ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE STREET
EAST AURORA NY 14052

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collec  information, including suggestions for reducing this burden  Department of Agriculture, Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and t  Office  Management and Budget, Paperwork Reduction  (OM O. 0575-0059), Washington, D.C. 20503.

FmHA 1944-A6 (Rev. 7)

Form FmHA 1944-A6
(Rev. 7/91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVI
OMB No.057S-00

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |
| 6/29/90 | $29,168.97 |

TYPE OF AGREEMENT

1 ☐ New  2 ☒ Renewal  3 ☐ Corrected

CASE NUMBEI 2611

PAYMENT PLAN **EXP MONTH 08**

EFFECTIVE DATE OF AGREEMENT 08/25/92

☐ Annual  ☒ Monthly  ☐ Deferred

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the (herein called "Borrower") whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)     CATALANO III, FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOMI |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 39 | 21,486. 22,000 | 1,000. | ERIE COUNTY DEPT OF HIGHWAYS 50 WEST AVE HAMBURG |
| 2. ARLENE A. CATALANO | 37 | XXXXXXX | 15,200. | SELF EMPLOYED (BUFFALO NEWS DEL 6980 WELLINGTON DR. DERBY |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling ____3____

C. Annual Real Estate Taxes (Dwelling Only) **$2,357.03**     Annual Property Insurance Premium (Dwelling Only) **$494.00**

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 7-8-92 | X Frank A. Catalano III | X Arlene A. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

**III. TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1. Annual Income | 37,686. | 4. Note Installment | ( 559. ) | $ 6,708 | 11. Note Installment | $ 6,708 |
| | | 5. Note Installment | ( ) | _____ | 12. Note Installment | |
| 2. Deductions | 1,440. | 6. Real Estate Tax | ( ) | 2,302. | at 1% Rate | $ 2,544 |
| | | 7. Property Insur. | ( ) | 494. | 13. Difference | $ 4,164 |
| 3. Adjusted Annual Income | | 8. Total | ( ) | 9,504. | 14. Interest Credit | |
| (1 minus 2) | 36,250. | 9. Adjusted Income | | | Annual XXXXX XXXXX | |
| ☐ Low-Income ☒ Moderate-Income | | x 20% | ( ) | 7,250. | Monthly 188. | |
| Limit Maximum | 34,600. | 10. Difference | ( ) | 2,254. | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay ____371.____ dollars per month for 12 months beginning **SEPT. 25, 1992**   If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXXX dollars on or before January 1, 19 XXXXXXXXX This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

(Date Approved)

COUNTY SUPERVISOR                     By John A. Durand

(Title)                               John A. Durand

RETURN TO:

| 37-15 | 37-15 |
|---|---|
| CATALANO III, FRANK | COUNTY SUPERVISOR |
| CATALANO, ARLENE A | USDA, FARMERS HOME ADMIN. |
| | 50 COMMERCE WAY |
| DERBY 14047 | EAST AURORA NY 14052 |

*Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instruction searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send commen regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Ag culture, Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OM No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.*

*If the decision contained above in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.*

Position 2

Form FmHA 1944-6
(Rev. 7-91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-0059

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | 29,168.97 |

Type of Agreement
1 ☐ New    2 ☒ Renewal    3 ☐ Corrected

Case Number    2611

Payment Plan    EXP MONTH 08
☐ Annual    ☒ Monthly    ☐ Deferred

Effective Date of Agreement
08/25/93

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER *(if additional space is needed, attach additional sheets)*    CATALANO III, FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. FRANK A. | 40 | 22,006. XXXXXXX | 2,000. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD. ANGOLA N.Y. |
| 2. ARLENE A. | 38 | XXXXXX | 8,750. | SELF-EMPLOYED BUFFALO NEWS DEALER |
| 3. Frank | | | 125. | 6980 WELLINGTON DR DERBY Interest Income |

B. Number of dependents *(not including foster children)* residing in the dwelling ☐ 3

C. Annual Real Estate Taxes *(Dwelling Only)* 2,478.15 XXXXXXXX    Annual Property Insurance Premium *(Dwelling Only)* $ XXXX 501.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

11-28-94
*(Date)*

X  Frank A. Catalano III
Frank A. Catalano *(Borrower)* III

X  Arlene A. Catalano
Arlene A. *(Co-Borrower)* Catalano

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | |
|---|---|---|---|
| 1. Annual Income  32,881. | 4. Note Installment ( 559 )  6.708. | 11. Note Installment  6.708. | |
| | 5. Note Installment ( ) | 12. Note Installment at 1% rate  2,544. | |
| 2. Deductions  1,440. | 6. Real Estate Tax ( )  2,479. | 13. Difference  4,164. | |
| | 7. Property Insur. ( )  501. | 14. Interest Credit: | |
| 3. Adjusted Annual Income (1 minus 2)  31,440. | 8. Total ( )  9,688. | Annual  XXXX  XXXX | |
| | 9. Adjusted Income x 20%  6,288. | Monthly  283. | |
| ☐ Low-Income  ☒ Moderate-Income Limit-Maximum  36,700. | 10. Difference ( )  3,400. | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $276. dollars per month for 12 months beginning SEPT. 25, 1993. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $_____ rather than the amount shown above.

_____
*(Date Approved)*
COUNTY SUPERVISOR
_____
*(Title)*

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By  John A. Durand
JOHN A. DURAND

37-15
CATALANO III, FRANK A.
CATALANO  ARLENE A.

DERBY, NY  14047

RETURN TO:
37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMINISTRATION
50 COMMERCE WAY
EAST AURORA, NY  14052-2187

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this res___ ___ denial, reduction or cancellation of FmHA assista___ ___you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. ___ use the form we have included for this purpose.

FmHA 1944-6 (Rev. 7-91)

Form FmHA 1944-6
(Rev. 7-91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-0059

| Date of Note | Amount of Note | INTEREST CREDIT AGREEMENT (Section 502 RH Loans) | Type of Agreement |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |
| 06/29/90 | 29,168.97 | | Case Number  2611 |

| Payment Plan EXP MONTH 08 | Effective Date of Agreement |
|---|---|
| ☐ Annual  ☒ Monthly  ☐ Deferred | 08/25/94 |

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II.** TO BE COMPLETED BY BORROWER (if additional space is needed, attach additional sheets) CATALANO III, FRANK A.

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. FRANK A. | 41 | 22,564. ~~XXXXXX~~ | 2,725. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD. ANGOLA N.Y. |
| 2. ARLENE A. | 39 | - 1,127 | | SELF-EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR. DERBY |
| 3. | | | | |

B. Number of dependents (not including foster children) residing in the dwelling 3

C. Annual Real Estate Taxes (Dwelling Only) ~~2,454.05~~ Annual Property Insurance Premium (Dwelling Only) #543

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions of this agreement.

WARNING: Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 11-28-94 | Frank A. Catalano III | Arlene A. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

**III.** TO BE COMPLETED BY COUNTY OFFICE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Annual Income | 25,288. | 4. Note Installment ( 559. ) | 6,708. | 11. Note Installment | 6,708. |
| 2. Deductions | 1,440. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 2,544. |
| | | 6. Real Estate Tax ( ) | 2,455. | 13. Difference | 4,164. |
| | | 7. Property Insur. ( ) | 543. | 14. Interest Credit: | |
| 3. Adjusted Annual Income (1 minus 2) | 23,850. | 8. Total ( ) | 9,706. | Annual | XXXX  XXXX |
| ☒ Low-Income  ☐ Moderate-Income | | 9. Adjusted Income x 20% ( ) | 4,770. | Monthly | 347. |
| Limit-Maximum  31,200. | | 10. Difference ( ) | 4,936. | | |

**IV.** MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay ___212.___ dollars per month for 12 months beginning __SEPT. 25, 1994__. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V.** ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| (Date Approved) | |
|---|---|
| ACTING COUNTY SUPERVISOR | By John A. Durand |
| (Title) | JOHN A. DURAND |

| 37-15 | RETURN TO: 37-15 |
|---|---|
| CATALANO III, FRANK A. | COUNTY SUPERVISOR |
| CATALANO, ARLENE A. | USDA, FARMERS HOME ADMINISTRATION |
| | 50 COMMERCE WAY |
| DERBY, NY  14047 | EAST AURORA, NY  14052-2187 |

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Use the form we have included for this purpose.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-0059

| Date of Note | Amount of Note | **INTEREST CREDIT AGREEMENT** (Section 502 RH Loans) | Type of Agreement |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |
| 06/29/90 | 29,168.97 | | Case Number  2611 |
| | | Payment Plan  ☐ Annual  ☒ Monthly  ☐ Deferred | Effective Date of Agreement  08/25/95 |

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II.  TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*  CATALANO III, Frank A.

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1.  FRANK A. | 42 | 23,625. XXXXXXX | 3,500. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD ANGOLA, N.Y. |
| 2.  ARLENE A. | 40 | XXXXXXX | 10,410 | SELF-EMPLOYED BUFFALO NEWS 6980 WELLINGTON (DERBY) DEALER |
| 3. | | | | |

**B.** Number of dependents *(not including foster children)* residing in the dwelling  3

**C.** Annual Real Estate Taxes *(Dwelling Only)* 2,964.61  Annual Property Insurance Premium *(Dwelling Only)* 234.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

AUGUST 22, 1995  *Frank A. Catalano, III*  *Arlene A. Catalano*
(Date)  Frank A.  (Borrower) Catalano, III  Arlene A.  (Co-Borrower) Catalano

**III.  TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | |
|---|---|---|---|---|---|
| 1.  Annual Income  37,535. | 4.  Note Installment ( 559. )  6,708. | 11.  Note Installment  6,708. |
| 2.  Deductions  1,440. | 5.  Note Installment (  ) | 12.  Note Installment at 1% rate  2,544. |
| | 6.  Real Estate Tax (  )  2,965. | |
| 3.  Adjusted Annual Income  36,100.  *(1 minus 2)* | 7.  Property Insur. (  )  550. | 13.  Difference  4,164. |
| | 8.  Total (  )  10,223. | 14.  Interest Credit: |
| ☐ Low-Income  ☒ Moderate-Income | 9.  Adjusted Income  x 20% (  )  7,220. |      Annual  XXXX  XXXX |
| Limit-Maximum  39,200. | 10.  Difference (  )  3,003. |      Monthly  250.  250. |

**IV.  MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay 309.00 dollars per month for 12 months beginning SEPT. 25, 1995. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V.  ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19___. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19___. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

AUGUST 23, 1995
(Date Approved)
COUNTY SUPERVISOR
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By *John A. Durand*
John A. Durand

37-15
CATALANO III, FRANK A.
CATALANO, ARLENE A.

DERBY, NY 14047

RETURN TO:  37-15
COUNTY SUPERVISOR
USA, RECD
50 COMMERCE WAY
EAST AURORA, NY  14052-2187

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-0059

**INTEREST CREDIT AGREEMENT**
**(Section 502 RH Loans)**

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

| Type of Agreement |
|---|
| 1 ☐ New   2 ☐ Renewal   3 ☒ Corrected |
| Case Number   2611 |
| Effective Date of Agreement   5/25/96 |

Payment Plan
☐ Annual   ☒ Monthly   ☐ Deferred

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months Wages | Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. ARLENE A. CATALANO | 41 | 10,632 | 7,800 | SELF-EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR. DERBY, N.Y. 14047 |
| 2. | | | | |
| 3. | | | | |

B. Number of dependents *(not including foster children)* residing in the dwelling   2

C. Annual Real Estate Taxes *(Dwelling Only)* $2,838.14 Annual Property Insurance Premium *(Dwelling Only)* $556

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

| 5-9-96 | Arlene Catalano | |
|---|---|---|
| *(Date)* | *(Borrower)* | *(Co-Borrower)* |

III. **TO BE COMPLETED BY COUNTY OFFICE**

| 1. Annual Income | 18,432 | 4. Note Installment ( 559 ) | 6708 | 11. Note Installment | 6708 |
|---|---|---|---|---|---|
| | | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 2544 |
| 2. Deductions | 960 | 6. Real Estate Tax ( ) | 2838 | 13. Difference | 4164 |
| | | 7. Property Insur. ( ) | 556 | 14. Interest Credit: | |
| 3. Adjusted Annual Income | 17,472 | 8. Total ( ) | 10,102 | Annual | XXXXXXXXXX |
| *(1 minus 2)* | | 9. Adjusted Income | 3686 | Monthly | 347 |
| ☒ Low-Income   ☐ Moderate-Income | | x 20% ( ) | | | |
| Limit-Maximum | | 10. Difference ( ) | 6416 | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $212.00 dollars per month for 12 months beginning 6/25/96. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

| May 14, 1996 | UNITED STATES DEPARTMENT OF AGRICULTURE |
|---|---|
| *(Date Approved)* | FARMERS HOME ADMINISTRATION |
| CD Manager | |
| *(Title)* | By   RD Forness |
| | RONALD D. FORNESS |

| 37-15 | **RETURN TO:** 37-15 |
|---|---|
| Catalino, Frank A. III | USDA/Rural Development |
| Catalino. Arlene A. | P.O. Box 776 |
| | Ellicottville, NY 14731 |
| Derby, NY 14047 | |

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing, or you may request a review in lieu of a hearing, ____ use the form we have included for this purpose.

**INTEREST CREDIT AGREEMENT**
**(Section 502 RH Loans)**

| Date of Note | Amount of Note | Type of Agreement |
|---|---|---|
| 6-25-97 | $41,489.03 | 1 ☒ New  2 ☐ Renewal  3 ☐ Corrected |
| 6-25-97 | $27,627.24 | Case Number 72611 |

Payment Plan: ☐ Annual  ☒ Monthly  ☐ Deferred

Effective Date of Agreement 6-25-97

I. This agreement between the United States of America, acting through the United States Department of Agriculture pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. Arlene A. Catalino | 42 | $4371.00 from hrs | $9880. | Self Employed - Buffalo News Child Support + Alimony |
| 2. Jennifer M. Catalino | 22 | $480. | | M+T Bank, Buffalo Full time Student |
| 3. Frank. A. Catalino | 20 | | | Not Employed at this time. |

B. Number of dependents *(not including foster children)* residing in the dwelling [ 1 ]

C. Annual Real Estate Taxes (Dwelling Only) $2877.  Annual Property Insurance Premium (Dwelling Only) $608

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

SECTION 1001 OF TITLE 18, UNITED STATES CODE PROVIDES: "WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK, SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH."

6-25-97 X Frank A. Catalino III    X Arlene A. Catalino

(Date)    (Borrower) FRANK A. CATALINO III    (Co-borrower) ARLENE A. CATALINO

III. **TO BE COMPLETED BY COUNTY OFFICE**

| | | | |
|---|---|---|---|
| 1. Annual Income 14,730. | 4. Note Installment ( ) 6960 | 11. Note Installment 6960 | |
| 2. Deductions 480. | 5. Note Installment ( ) | 12. Note Installment at 1% rate 3240 | |
| | 6. Real Estate Tax ( ) 2877 | 13. Difference 3780 | |
| 3. Adjusted Annual Income (1 minus 2) 14,250 | 7. Property Insur. ( ) 608 | 14. Interest Credit: | |
| | 8. Total ( ) 10,445 | Annual | |
| | 9. Adjusted Income x 20% ( ) 2850 | Monthly $310.00 | |
| ☒ Low-Income ☐ Moderate-Income Limit-Maximum 30,650. | 10. Difference ( ) 7595 | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $310.00 dollars per month for 12 months beginning 7-25-97 . If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay X X X X X X X dollars on or before January 1, 19 XX . If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay X X X X X X dollars on or before January 1, 19 XX . This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form RD 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ X X X X X rather then the amount shown above.

6-25-97

(Date Approved)

Community Development Manager

(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE

By X THOMAS J. DAHKERT

RETURN TO:

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

If the decision contained above in this form results in denial, reduction or cancellation of assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing.

```
  RHCDS/SUBSIDY DATA                    650 286   10:28:50 11/17/06 TV420454
FMP1CICS FMP1 FH286      TV420454 0454 FAST                    PFSP282
ACCT NBR     7529     ML P PRI SSN    5343 FRANK A CATALANO III
--------  ASSISTANCE ELIGIBILITY  -------   ---- PROGRAM/MORATORIUM STATUS ---
PMT ASSIST ELIGIBLE (Y/N)    YES            PROGRAM BORROWER         PRG
DEFER MORT ELIGIBLE (Y/N/C)  NO             UNDER MORATORIUM          NO
PMT ASSIST METHOD # (N/1/2)  METHOD 2       EFFECTIVE 00/00/00 EXPIRE 00/00/00
SUBSIDY RECAPTURE   (N/D/S)  SUBJECT TO RECAP
-------  AGREEMENT DATES / SUBSIDY AMOUNTS  --------    - PAID-TO DATES -
EFFECTIVE    EXPIRES PMT TYPE  PMT ASSIST  DEFER MORT    INT PD-TO   01/25/06
07/25/01  07/24/02 MONTHLY      189.73       0.00       PMT ASSIST  01/25/06
07/25/02  07/24/04 MONTHLY      189.73       0.00       AUDIT POPUP  N
12/25/04  12/24/05 MONTHLY      189.73       0.00
12/25/05  12/24/06 MONTHLY      189.73       0.00
00/00/00  00/00/00               0.00        0.00
                   --------ASSISTANCE FINANCIAL HISTORY  -----------
ADMIN ADJUST RSN 0   ------- INTEREST  -----   ----- PRINCIPAL  -----
---- PROGRAM  ----   YR TO DATE   LN TO DATE   YR TO DATE   LN TO DATE
PAYMENT ASSISTANCE      379.46    17771.67        0.00        821.87
DEFER MORT ASSIST         0.00        0.00        0.00          0.00
PRE  1/90 PMT ASST                                0.00          0.00
------------------------- OTHER INFORMATION -----------------------------
OVRD 0 REAMORT: 1ST PMT DT 00/00/00 PRIOR P&I      333.00 FOR INT        0.00
                                OK INQUIRY ONLY
```

FMP1CICS FMP1 FH286    TV420454 0454 FAST              PFSP282
ACCT NBR   .7532    ML S PRI SSN    5343 ARLENE A CATALANO
-------- ASSISTANCE ELIGIBILITY  ------- ---- PROGRAM/MORATORIUM STATUS ---
PMT ASSIST ELIGIBLE (Y/N)     YES        PROGRAM BORROWER           PRG
DEFER MORT ELIGIBLE (Y/N/C)   NO         UNDER MORATORIUM           NO
PMT ASSIST METHOD # (N/1/2)   METHOD 2   EFFECTIVE 00/00/00 EXPIRE 00/00/00
SUBSIDY RECAPTURE   (N/D/S)   SUBJECT TO RECAP
------- AGREEMENT DATES / SUBSIDY AMOUNTS --------    - PAID-TO DATES -
EFFECTIVE   EXPIRES PMT TYPE  PMT ASSIST  DEFER MORT   INT PD-TO   01/25/06
07/25/01   07/24/02 MONTHLY    120.25       0.00       PMT ASSIST  01/25/06
07/25/02   07/24/04 MONTHLY    120.25       0.00       AUDIT POPUP  N
12/25/04   12/24/05 MONTHLY    120.25       0.00
12/25/05   12/24/06 MONTHLY    120.25       0.00
00/00/00   00/00/00              0.00       0.00
                 --------ASSISTANCE FINANCIAL HISTORY -----------
ADMIN ADJUST RSN 0  ------- INTEREST -----  ----- PRINCIPAL  -----
---- PROGRAM ----   YR TO DATE  LN TO DATE   YR TO DATE  LN TO DATE
PAYMENT ASSISTANCE     240.50    11398.59        0.00      385.91
DEFER MORT ASSIST        0.00        0.00        0.00        0.00
PRE  1/90 PMT ASST                   0.00                    0.00
------------------------- OTHER INFORMATION -------------------------------
OVRD 0 REAMORT: 1ST PMT DT 00/00/00 PRIOR P&I    226.00 FOR INT        0.00
                          OK INQUIRY ONLY

**EXHIBIT I**

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

            Plaintiff

Vs.

Frank A. Catalano, III, Arlene A. Catalano
Ford Motor Credit Company
John Doe, Mary Roe and XYZ Corporation

            Defendants.

**SUMMONS IN A CIVIL CASE**

Case Number: 07- CV- 0004 A (F)

TO: (Name and Address of Defendants)

     SEE ATTACHED LIST

     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

     Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
     One Chase Square, Suite 1900
     Rochester, New York 14604
     Attention: Gerald N. Murphy, Esquire

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Clerk                          Date 1/4/07

MARGARET GUNGEL

By Deputy Clerk

ATTACHMENT: (DEFENDANT(S) AND ADDRESSES)


Frank A. Catalano, III
Boston, NY 14025

Arlene A. Catalano
Derby, NY 14047

Ford Motor Credit Company
17197 N. Laurel Park Drive Suite 402
Livonia, MI 48152

JOHN DOE, MARY ROE AND XYZ
CORPORATION,
6980 Wellington Drive
Derby, New York 14047

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Civil No.: 07-cv-0004 A(F)

Plaintiff

COMPLAINT – ACTION TO
FORECLOSE A MORTGAGE

-v-

Frank A. Catalano, III
Boston, NY 14025

Arlene A. Catalano
Derby, NY 14047

Ford Motor Credit Company
17197 N. Laurel Park Drive Suite 402
Livonia, MI 48152

ORIGINAL
RECEIVED AND FILED
USDC WDNY ROCH

JAN 4 2007

BY: _____

JOHN DOE, MARY ROE AND XYZ
CORPORATION,
6980 Wellington Drive
Derby, New York 14047

Defendants

---

The United States of America, a Sovereign, by Forsyth, Howe,
O'Dwyer, Kalb & Murphy, P.C., Attorneys for the plaintiff, complains
and alleges as follows:

1.    This Court has jurisdiction under the provisions of Title
28, United States Code, Section 1345.

2.    On or about 11/25/1987, at the request of the defendant,
Frank A. Catalano, III, Arlene A. Catalano, (hereinafter referred to

as the "Debtor"), the plaintiff, the United States of America, acting by and through its agency, Farmers Home Administration, n/k/a Rural Housing Service, did lend to the Debtor, the sum of $42,000.00, which sum the Debtor did undertake and promise to repay, with interest at 9% in specified monthly installments.

3.    As evidence of the indebtedness, the Debtor did execute and deliver to the plaintiff a Promissory Note dated 11/25/1987, a true copy of which is attached as Exhibit "A".

4. In order to secure the payment of the indebtedness the Debtor, did execute, acknowledge and deliver to the plaintiff, a real property mortgage dated 11/25/1987, a true copy of which is attached as Exhibit "B".

5.    The mortgage was duly recorded on 11/25/1987 in the Erie County Clerk's Office in Liber 9877 of Mortgages at Page 105.

6. This loan was reamortized by Reamortization Agreement executed by the Debtors on 6/25/1997. A copy of the Reamortization Agreement is attached hereto as Exhibit "C".

7.    On or about 6/13/1990, at the request of the defendant, Frank A. Catalano, III, Arlene A. Catalano, (hereinafter referred to as the "Debtor"), the plaintiff, the United States of America, acting

by and through its agency, Farmers Home Administration, n/k/a Rural Housing Service, did lend to the Debtor, the sum of $29,100.00, which sum the Debtor did undertake and promise to repay, with interest at 8.75% in specified monthly installments.

8.    As evidence of the indebtedness, the Debtor did execute and deliver to the plaintiff a Promissory Note dated 6/13/1990, a true copy of which is attached as Exhibit "D".

9. In order to secure the payment of the indebtedness the Debtor did execute, acknowledge and deliver to the plaintiff, a real property mortgage dated 6/13/1990, a true copy of which is attached as Exhibit "E".

10. The mortgage was duly recorded on 6/29/1990 in the Erie County Clerk's Office in Liber  10734 of Mortgages at Page 675.

11.    This loan was reamortized by Reamortization Agreement executed by the Debtors on 6/25/1997.  A copy of the Reamortization Agreement is attached hereto as Exhibit "F".

12.    Plaintiff is now the owner and holder of the Promissory Note(s) and Mortgage(s).

13. Pursuant to the terms of certain Interest Credit Agreements

executed by a representative of the Farmers Home Administration and the Debtor, the interest described in the Promissory Note was reduced during each Agreement's effective period. Pursuant to 42 U.S.C. 1490a, and the fifth paragraph of the first "WHEREAS" clause of the Mortgage, any interest credit assistance is subject to recapture upon the disposition of the property. True copies of said Subsidy Repayment Agreement and the Interest Credit Agreements and Data Entry Sheets are attached as Exhibits "G" and "H", respectively.

14. The Debtor has breached and violated the provisions of the Promissory Note and Mortgage in that he did neglect and fail to pay the installments of principal and interest when due, despite due demand therefore and by failing to make payment of real property taxes when due, thus making it necessary for the plaintiff to pay the same to protect its interest.

15. On 7/19/2005 an Order for Relief under Chapter 7 of the Bankruptcy Code was entered based upon a petition filed by Arlene A. Catalano in the United States Bankruptcy Court for the Western District of New York as Case Number 05-16154. On 11/03/2005, the Bankruptcy Court entered an Order discharging the Arlene A. Catalano and the bankruptcy case was subsequently closed on 11/30/2005.

16. By reason of the defaults described herein, plaintiff has elected to declare the entire sums secured by the mortgage to be due and

payable.

17. There is now justly due and payable to the plaintiff, as of 12/22/2006, on the Promissory Notes and Mortgages the following sums:

**Loan No.5417529**
| | |
|---|---|
| Unpaid Principal (Note) | $33,457.41 |
| Unpaid Interest (Note) | $ 2,532.42 |
| Unpaid Principal (Advances) | $ 5,241.50 |
| Unpaid Interest (Advances) | $ 427.79 |
| Escrow/Impound | $ 2,142.12 |
| Interest Credit Recapture | $37,719.79 |
| Total | $81,521.03 |

**Loan No. 5417532**
| | |
|---|---|
| Unpaid Principal | $24,026.16 |
| Unpaid Interest | $ 1,790.89 |
| Interest Credit Recapture | $19,473.50 |
| Total | $45,290.55 |

**TOTAL DUE ON BOTH LOANS THROUGH 12/22/2006 =**          **$126,811.58**

together with interest at the rate of 9% per annum for loan number 5417529; and 8.75% per annum for loan number 5417532 on principal and all advances from 12/22/2006.

18. Upon information and belief, plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to plaintiff at this time. Nevertheless, plaintiff seeks recovery thereof and therefore, together with interest thereon.

19. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

20. The defendants, Ford Motor Credit Company, as set forth in Exhibit "I" have or may claim to have some interest in, or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

21. The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEREFORE, plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

(b) That the premises may be decreed to be sold according to law;

(c) That the amount due to the plaintiff on the promissory note and mortgage may be adjudged;

(d) That the moneys arising from the sale may be brought into Court;

(e) That the plaintiff may be paid the amount adjudged to be due to the plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f) And that the plaintiff may have such other and further relief as may be just and equitable.

DATED:      Rochester, New York  January 2, 2007

S/Gerald N. Murphy

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY 14604
(585) 325-7515
Fax: (585) 325-6287
Email: Murphy@forsythhowe.com

VERIFICATION

STATE OF NEW YORK    )
                     )      ss:
COUNTY OF MONROE     )


Gerald N. Murphy, being duly sworn, deposes and says:

1.    I am an Attorney duly admitted to practice in the Federal
Courts of the Western District of the State of New York and have read
the foregoing Complaint.


2. The allegations of the Complaint are true, except those matters
alleged-on information and belief, and those matters I believe to be
true. The grounds of my knowledge and the sources of my information and
belief are records of the Rural Housing Service, formerly known as the
Farmers Home Administration and public records.


3.    This verification is made by me and not by plaintiff
because the United States of America is a sovereign.

S/Gerald N. Murphy

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email:  Murphy@forsythhowe.com

Sworn to and subscribed before me
On this day: January 2, 2007

_Jane E Kehoe_                        _Jane E Kehoe_
Notary Public

JANE E. KEHOE
Notary Public, State of New York
Monroe County, #01KE6094677
Commission Expires 06/23/20 07

JANE E. KEHOE
Notary Public, State of New York
Monroe County, #01KE6094677
Commission Expires 06/23/20 07

**EXHIBIT A**

Form FmHA 440-16
(Rev. 11-10-75)

*CATALANO III*
*FRANK A.*
*ARLENE A.*

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| KIND OF LOAN | | STATE |
|---|---|---|
| Type: RURAL HOUSING | **PROMISSORY NOTE** | NEW YORK |
| Pursuant to: | | COUNTY |
| ☐ Consolidated Farm and Rural Development Act. | | ERIE |
| XX Title V of the Housing Act of 1949. | | CASE NO. |
| | | 37-15-080462611 |

~~REAMORTIZED NOT PAID~~

Date ___NOVEMBER X 25___ , 19 87

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

____EAST AURORA, NEW YORK 14052_____ ,

THE PRINCIPAL SUM OF ___FORTY-TWO THOUSAND AND NO/100_____

DOLLARS ($ ___42,000.00 – – – – – – – – – – –___ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

NINE – – – – – – – – – – – – PERCENT ( ___9.0000___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ , 19 ___ . Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II.  Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 _____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___, through _____ , 19 ___,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;  .

XX IV.  Payments shall not be deferred. Principal and Interest shall be paid in ___396_____ installments as indicated in the box below:

$ ___333.00___ on ___DECEMBER X 25___ , 19 87 , and

$ ___333.00___ thereafter on the X ___25th___ of each ___MONTH___ until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** ___THIRTY-THREE – – –___ ( ___33 – – – –___ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment ot interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X _Frank A. Catalano III_ (SEAL)
                               *(BORROWER)*
Frank A. Catalano, III

X _Arlene A. Catalano_ (SEAL)
                               *(SPOUSE)*
Arlene A. Catalano

DERBY, NY 14047

"A Reamortization Agreement and/or Deferral Agreement dated 6-25-97 in the Principal Sum $ 41,489.03 has been given to modify the payment schedule of this note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ 42,000.00 | 11/25/87 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 42,000.00 | 11/25/87 |

EXHIBIT B

LIBER 9877 PAGE 108

FILED
1987 NOV 25 PM 1: 40
ERIE COUNTY
CLERK'S OFFICE

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE
Recorded in Liber 9877 of Deeds
of ...... at page 108
on the ...25
A.D. 19... at 1:40 o'clock ..P..M
and examined.

CLERK
2-17-00-50

Form FmHA 427-1 NY
(Rev. 6-85)

## REAL ESTATE MORTGAGE FOR NEW YORK

FRANK A. CATALANO III and ARLENE A.

THIS MORTGAGE, is made and entered into by ~~FRANK~~ _FRANK_

CATALANO, his wife

residing in _____Erie_____ _____ County , whose post office address

is _____6980 Wellington Drive, Derby, New York   14047_____

herein called "Borrower", and the United States of America, acting through Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note", which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| Nov. 25, 1987 | $42,000.00 | 9.00% | Dec.25, 2020 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved:

NOW, THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grants, bargains, sells, conveys, assigns, mortgages, and forever warrants unto the Government the following property, herein called "the Property" situated in the County of

Erie

_____, State of New York.

Ser. C.E. 24710      11/25 19 87

RECEIVED MORTGAGE RECORDING TAX

_____ $ Basic
_____ $ Add
_____ $ S.A.T.
_____ $ TOTAL

DAVID J. SWARTS, Recording Officer, Erie County Per

LIBER 9877 PAGE 105

13A-51-1-962-966 inc

FmHA 427-1 NY (Rev. 6-85)

All that tract or parcel of land situate

in the Town of Evans, County of Erie and State of

New York, being part of Lot No. 51, Township 9,

Range 9 of the Holland Land Company's Survey and

according to maps filed in Erie County Clerk's

Office under Cover No.s 1180 and 1542, is known as

subdivision lots numbers nine hundred sixty-two

(962) to nine hundred sixty-six (966) inclusive,

situate on the west side of Washington Drive,

now Wellington Drive

---

13A-51-1-962-966 Inc.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and the default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, and (c) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Syracuse, New York 13210, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(24) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering fixtures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described real estate.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____25th_____ day of _____November_____, 19 _87_.

In the presence of

_____     X _Frank A. Catalano_ (SEAL)

_____     X _Arlene A. Catalano_ (SEAL)

## ACKNOWLEDGMENT

STATE OR TERRITORY OF __New York__ }

COUNTY OF __Erie__ } ss.:

On the _25th_ day of _November_, 19 _87_, before me, came

FRANK A. CATALANO III and ARLENE A. CATALANO, his wife

to me known to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged to me that _they_ executed the same for the purposes therein contained.

(SEAL)

_Notary Public._

GEORGE V. TRIMPER,
STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY

My commission expires _6/30/89_

EXHIBIT C

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 37 | 15 | 2611 | 46 | 03 | 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of FORTY-TWO THOUSAND AND 00/100——————————— Dollars ($ 42,000.00 ),

plus interest on the unpaid principal of NINE AND 00/100——— percent ( 9.00 %) per year, which was made or assumed by

FRANK A. CATALANO III and ARLENE A. CATALANO

(called "I/We"), dated NOVEMBER 25 , 19 87 , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ 41,224.74 . The accrued interest to date is

$ 264.29 . The total debt to date is $ 41,489.03 , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

☒ **A. Reamortization**

(1) The first installment in the amount of $ 355.00 , will be due and payable on

JULY 25 , 19 97 .

(2) Thereafter, regular installments, each in the amount of $ 355.00 , will be due and

payable on the 25TH D DAY of each MONTH until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

NOVEMBER 25 , 2020 .

☐ **B. Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to ..............................

19 ....., shall be added to the principal. The new installment schedule will be as follows:

$ ........................... on ........................... , 19 .......

$ ........................... on ........................... , 19 .......

$ ........................... on ........................... , 19 .......

$ ........................... on ........................... , 19 .......

$ ........................... on ........................... , 19 .......

$ ........................... on ........................... , 19 .......

and $ ........................... thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

........................... , ........... .

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

JUNE 25, 1997
_____
*(Date)*

X _____
FRANK A. CATALANO III                    *(Borrower)*

X _____
ARLENE A. CATALANO                        *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
THOMAS J. DANKERT

Title Community Development Manager

Date JUNE 25, 1997

*U.S. GPO: 1991-554-009/43009

EXHIBIT D

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

# PROMISSORY NOTE

| | |
|---|---|
| **TYPE OF LOAN** | **STATE** <br> <u>NEW YORK</u> |
| **RURAL HOUSING** | **COUNTY** <br> <u>ERIE</u> |
| | **CASE NO.** <br> <u>37-15-080462611</u> |

Date _X 6-13_____, 19_90_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ <u>**EAST AURORA, NEW YORK**</u> _____,

THE PRINCIPAL SUM OF <u>TWENTY NINE THOUSAND ONE HUNDRED AND 00/100 – – – – – – – – –</u>

DOLLARS ($ <u>29,100.00 – – – – – – – – – – – – – – – –</u> ), plus INTEREST on the UNPAID PRINCIPAL of

<u>EIGHT AND THREE FOURTHS –</u> PERCENT ( <u>08.7500 –</u>%) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☒ I.    Principal and Interest payments shall be deferred. The interest accrued to <u>AUGUST 29</u>_____, 19<u>90</u>

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in <u>394</u>_____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ <u>29,168.97</u>_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.    Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

| | |
|---|---|
| $ _____<u>226.00</u>_____ on _____<u>SEPTEMBER 25</u>_____, 19<u>90</u>, and | |

$ _____<u>226.00</u>_____ thereafter on the <u>25TH</u>_____ of each <u>MONTH</u>_____

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE <u>THIRTY-THREE – (</u> 33– – – – – –) YEARS

from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X *Frank A. Catalano III* (SEAL)
Frank A. Catalano, III (BORROWER)

X *Arlene A. Catalano* (SEAL)
Arlene A. Catalano (SPOUSE)

*George J. Trimper Jr.*

GEORGE J. TRIMPER JR.
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires March 30, 19 91
*June*

Derby, New York    14047

"A Reamortization Agreement and/or Deferral
Agreement dated 10-25-97 in the
Principal Sum $ 37627.34 has been given
to modify the payment schdule of this note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ 1,150.00 | 6/29/90 | (9) $ | | (16) $ | |
| (3) $ 8,385.00 | 7/18/90 | (10) $ | | (17) $ | |
| (4) $ 5,000.00 | 7/26/90 | (11) $ | | (18) $ | |
| (5) $ 14,565.00 | 8/29/90 | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 29,100.00 | 8/29/90 |

☆ U.S. Government Printing Office: 1987—723-431/61515

**EXHIBIT E**

FRANK A. CATALANO III and ARLENE A. CATALANO, H/W, MORTGAGORS

to

UNITED STATES OF AMERICA, Acting Through FARMERS HOME ADMINISTRATION,

Mortgagee

Re: MORTGAGE (2d) on 6980 Wellington Road, Derby, N. Y.

13a-51-1-963-766 Inc.

CLERK'S OFFICE
ERIE COUNTY

1990 JUN 29 PM 3: 40

FILED

655

STATE OF NEW YORK
ERIE CO. CLERK'S OFFICE
Recorded in Liber 16724
page 677 of Mortgages
on the 29
day of June A.D., 19 90
at 3:40 O'clock PM
and examined.
DAVID J. SWARTS, County Clerk

COUNTY CLERK

B053696-17-1
2-4-0

# REAL ESTATE MORTGAGE FOR NEW YORK

THIS MORTGAGE, is made and entered into by __FRANK A. CATALANO III__ and __ARLENE A. CATALANO,__
__Husband and Wife__

residing in _____ __Erie__ _____ County , whose post office address

is __6980 Wellington Drive, Derby, New York 14047__ _____

herein called "Borrower", and the United States of America, acting through Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation recapture agreement, herein called "note", which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount Plus Non-Capitalized Interest | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| June 13, 1990 | $29,100.00 * | 08.7500% | June 13, 2023 |

\* Twenty-Nine Thousand One Hundred Dollars)

(Non-capitalized interest only applies in the case of Farmer Program loans being serviced in accordance with 7 CFR Part 1951 Subpart S.)

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved:

NOW, THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grants, bargains, sells, conveys, assigns, mortgages, and forever warrants unto the Government the following property, herein called "the Property" situated in the County of

_____ __Erie__ _____ , State of New York.

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of

Evans, County of Erie and State of New York, being part of Lot

No. 51, Township 9, Range 9 of the Holland Land Company's Survey

and according to maps filed in Erie County Clerk's Office under

Cover 1180 and 1542, is known as subdivision lots numbers nine

hundred sixty-two (962) to nine hundred sixty-six (966) in-

clusive, situate on the west side of Washington Drive, now

Wellington Drive.

Ser. C.H. _10578_ _6/9_ 19 _90_

RECEIVED MORTGAGE RECORDING TAX

_____ $ Basic
_____ $ Add
_____ $ S.A.T.
_____ $ TOTAL

DAVID J. SWARTS, Recording Officer, Erie County Per_____

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and the default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, and (c) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Syracuse, New York 13210, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(25) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering fixtures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described real estate.

(26) "Section 13 of the Lien Law."

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____13th_____ day of _____June_____ , 19 90 .

In the presence of

_____     _Frank A. Catalano_____ (SEAL)

_____     _Arlene C. Catalano_____ (SEAL)

## ACKNOWLEDGMENT

STATE OR TERRITORY OF ____NEW YORK____ 

COUNTY OF ____ERIE____ }} ss:

On the _____13th_____ day of _____June_____ , 19 90 , before me, came

____FRANK A. CATALANO III and ARLENE A. CATALANO____

to me known to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged to me

that ____they____ executed the same for the purposes therein contained.

LIBER 10734 PAGE 678

_____George J. Trimper_____

(SEAL)                                                          Notary Public.

My commission expires ____June 30, 1991____

GEORGE J. TRIMPER JR.
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires March 30, 19 91
June

**EXHIBIT F**

USDA-FmHA
Form FmHA 452-2
(4-17-78)

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| | BORROWER CASE NUMBER | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 37 | 15 | 2611 | 46 | 04 | 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of TWENTY NINE THOUSAND ONE HUNDRED SIXTY EIGHT 97/100 Dollars ($ 29,168.97 ),

plus interest on the unpaid principal of EIGHT AND THREE QUARTERS 8.75 percent ( %) per year, which was made or assumed by

FRANK A. CATALANO III and ARLENE A. CATALANO

(called "I/We"), dated JUNE 29 , 19 90 , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ 27,152.24 . The accrued interest to date is

$ 475.00 . The total debt to date is $ 27,627.24 , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

[X] **A. Reamortization**

    (1) The first installment in the amount of $ 225.00 , will be due and payable on

    JULY 25 , 19 97 .

    (2) Thereafter, regular installments, each in the amount of $ 225.00 , will be due and

payable on the 25TH DAY of each MONTH until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

JUNE 25 2023 .

[ ] **B. Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to .....................

19 ....., shall be added to the principal. The new installment schedule will be as follows:

$ ................................ on ................................ , 19 .......

$ ................................ on ................................ , 19 .......

$ ................................ on ................................ , 19 .......

$ ................................ on ................................ , 19 .......

$ ................................ on ................................ , 19 .......

$ ................................ on ................................ , 19 .......

and $ ................................ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

................................ , ................

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

X _____
    FRANK A. CATALANO III         *(Borrower)*

JUNE 25, 1997
_____
    *(Date)*

X _____
    ARLENE A. CATALANO          *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
    THOMAS J. DANKERT

Title Community Development Manager _____

Date JUNE 25, 1997 _____

*U.S. GPO: 1991-554-009/43009

**EXHIBIT G**

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
21 SOUTH GROVE STREET
EAST AURORA, NEW YORK  14052
Subsidy Repayment Agreement


Date of Note 11/25/87 Amount of Note $42,000. Date of mortgage 11/25/87

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance:  RH 502      1. Interest credit /xxx/
                                  2. Homeownership Assistance
                                     Program /    /

Address of Property: _____ _____

              DERBY, NY  14047


         BORROWER:  FRANK A. CATALANO, III

         CO-BORROWER:  ARLENE A. CATALANO


1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

(a)  Unpaid balance of loans secured by a prior mortgage as well as
real estate taxes and assessments levied against the property which
are due will be paid.

(b)  Unpaid principal and interest owed on FmHA RH loans for the
property and advances made by FmHA which were not subsidy and are
still due and payable will be paid to the Government.

(c)  I (we) will receive from the sale proceeds actual expenses
incurred by me (us) necessary to sell the property.  These may include
sales commissions or advertising cost, appraisal fees, legal and
related costs such as deed preparation and transfer taxes.  Expenses
incurred by me (us) in preparing the property for sale are not allowed
unless authorized by the Government prior to incurring such expenses.
Such expenses will be authorized only when FmHA determines such expenses
are necessary to sell the property, or will likely result in a return
greater than the expense being incurred.

(d)  I (we) will receive the amount of principal paid off on the
loan calculated at the promissory note interest rate.

(e)  Any principal reduction attributed to subsidized interest
calculations will be paid to the Government.

(f)  I (we) will receive my original equity which is the difference
between the market value of the security, as determined by the
FmHA appraisal at the time the first loan subject to recapture of
subsidy was made, and the amount of the FmHA loan(s) and any
prior lien.  This amount is _____ and represents
_____ percent of the market value of the security.  (The

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:_____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary conveyance, or sale of property, the amount of subsidy to be repaid the Government will be determined in the same manner as described in paragraph 6 of this Exhibit but based on the appraised value determined by FmHA instead of sales price. In such cases, the subsidy due the Government will remain a lien on the property until paid. It must be paid upon non occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


X _Frank A. Catalano_ Borrower
Frank D. Catalano III
X _Arlene C. Catalano_ Co-Borrower
Arlene A. Catalano
NOVEMBER  V  , 1987
          Date signed


Accepted and Agreed to
By _Reginald W. Barker_  (FmHA Official)
   Reginald W. Barker
   COUNTY SUPERVISOR          (Title)

   DECEMBER 11, 1987
          Date

oOo

EXHIBIT H

Form FmHA 1944-A6
(Rev. 7-26-84)

FORM APPROVED
OMB No. 0575-0059
Expiration date available on request.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

## INTEREST CREDIT AGREEMENT

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE | | TYPE OF AGREEMENT | | |
|---|---|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☑ New | 2 ☐ Renewal | 3 ☐ Corrected |

PAYMENT PLAN  10/24/87
☐ Annual  ☒ Monthly

CASE NUMBER  2611

EFFECTIVE DATE OF AGREEMENT  NOV. 25, 1987

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)  **CATALANO III, FRANK**

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1.  FRANK A. III | 34 | 18,915 | | Erie Co Highway Dept, Public Works Jennings Rd & Rte. 39, Collins, NY 14034 |
| 2.  ARLENE | 33 | 4,007 | | Tarners Pharmacy 11 Commercial St, Angola, NY 14006 |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling  [ 3 ]

C. Annual Real Estate Taxes (Dwelling Only)  $1,382.     Annual Property Insurance Premium (Dwelling Only)  $377.  Home & Flood

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING:  Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| Nov. 25, 1987 | X Frank A. Catalano III | X Arlene A. Catalano |
|---|---|---|
| (Date) | Frank A. Catalano, III  (Borrower) | Arlene A. Catalano  (Co-Borrower) |

### III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income | 22,922. | 4. Note Installment | ( 3,996. ) | 3,996 | 11. Note Installment | 3,996 |
| 2. Deductions | 1,440. | 5. Note Installment | ( ) | | 12. Note Installment at 1% Rate | 1,500 |
| 3. Adjusted Annual Income | 21,480. | 6. Real Estate Tax | ( 1,382. ) | 1430 | 13. Difference | 2,496 |
| (1 minus 2) | | 7. Property Insur. | ( 377. ) | 190 | 14. Interest Credit | |
| ☒ Low-Income  ☐ Moderate-Income | | 8. Total | ( 5,755. ) | 5,616 | Annual XXXXXX | xxx |
| Limit Maximum 24,750. | | 9. Adjusted Income x 20% | ( 4,296. ) | 3,980 | Monthly ( 136 ) $122. | |
| | | 10. Difference | ( 1,459. ) | 1,636 | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay  $197.  dollars per month for 12 months beginning  DEC. 25, 1987  If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19 _____ If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19 _____ This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

| DECEMBER 11, 1987 | UNITED STATES DEPARTMENT OF AGRICULTURE FARMERS HOME ADMINISTRATION |
|---|---|
| (Date Approved) | |
| COUNTY SUPERVISOR | By  Reginald W. Barker |
| (Title) | Reginald W. Barker |

RETURN TO:  MAIL CODE : 37-15

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 7-26-84)

FORM APPROVED
OMB No. 0575-0059
Expiration date available on request.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE | | TYPE OF AGREEMENT |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |

CASE NUMBER: 2611

| PAYMENT PLAN | EFFECTIVE DATE OF AGREEMENT |
|---|---|
| EXP MONTH 11 ☐ Annual ☒ Monthly | 11/25/88 |

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (if additional space is needed, attach additional sheets)          CATALANO III, FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 35 | $20,000 | | ERIE COUNTY DEPT. OF HIGHWAYS RTE. 39 & JENNINGS, COLLINS, N.Y. |
| 2. ARLENE A. CATALANO | 33 | $3,000 | | TARNER'S PHARMACY 11 COMMERCIAL ST. ANGOLA N.Y. |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling    3

C. Annual Real Estate Taxes (Dwelling Only) $792.10 (COUNTY) Annual Property Insurance Premium (Dwelling Only) $377  FLOOD & HOMEOWNERS

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING:    Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

8-20-88 (Date)    X Frank A. Catalano III (Borrower)    X Arlene C. Catalano (Co-Borrower)

| III. TO BE COMPLETED BY COUNTY OFFICE | | | | |
|---|---|---|---|---|
| 1. Annual Income | 23,200. | 4. Note Installment ( ) | $ 3,996 | 11. Note Installment $ 3,996 |
| 2. Deductions | 1,440. | 5. Note Installment ( ) | | 12. Note Installment at 1% Rate $ 1,500 |
| | | 6. Real Estate Tax ( ) | 1,408. | 13. Difference $ 2,496 |
| 3. Adjusted Annual Income (1 minus 2) | 21,760. | 7. Property Insur. ( ) | 377. | 14. Interest Credit Annual XXXXX XXXX |
| | | 8. Total ( ) | 5,781. | Monthly $119. |
| ☒ Low-Income ☐ Moderate-Income | | 9. Adjusted Income x 20% | 4,352. | |
| Limit Maximum 26,800. | | 10. Difference | 1,429. | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $214. dollars per month for 12 months beginning 12/25/88. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXXX dollars on or before January 1, 19 XXXXXXXXX. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.    SUBSIDY 88  $1692  IS THIS CORRECT? ( )

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

August 25, 1988
(Date Approved)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

County Supervisor
(Title)

By Reginald W. Barker

RETURN TO:

37-15
CATALANO III, FRANK
CATALANO, ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE ST
EAST AURORA NY  14052

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

FORM APPROVED
OMB No. 0575-0005

| DATE OF NOTE | AMOUNT OF NOTE | TYPE OF AGREEMENT |
|---|---|---|
| 11/25/87 | $42,000.00 | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |

CASE NUMBER  2611

PAYMENT PLAN  **EXP MONTH 11**
☐ Annual  ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT 11/25/89

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)

**CATALANO III, FRANK**

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A CATALANO III | 36 | $20,000 | | ERIE COUNTY DEPARTMENT OF HIGHWAY (ANGOLA) DELAMETER RD, ANGOLA |
| 2. ARLENE A. CATALANO | 34 | | ? | Previous TARVER'S PHARMACY, COMMERCIAL, ANGOLA Now BUFFALO NEWS - DEALER - FROM HOME |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling  3

C. Annual Real Estate Taxes (Dwelling Only) $1,859    Annual Property Insurance Premium (Dwelling Only) $414.00

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING:    Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

9/11/89
(Date)

_Frank A Catalano III_    _Arlene C Catalano_
(Borrower)    (Co-Borrower)

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1. Annual Income | 24,491 | | 4. Note Installment | ( ) | $ 3,996 | | 11. Note Installment | $ 3,996 |
| | | | 5. Note Installment | ( ) | | | 12. Note Installment at 1% Rate | $ 1,500 |
| 2. Deductions | 1,440 | | 6. Real Estate Tax | ( ) | 1,820 | | 13. Difference | $ 2,496 |
| | | | 7. Property Insur. | ( ) | 414 | | | |
| 3. Adjusted Annual Income | | | 8. Total | ( ) | 6,240 | | 14. Interest Credit | |
| (1 minus 2) | 23,050 | | 9. Adjusted Income | | 4,610 | | Annual XXXXX XXXXX | |
| ☒ Low-income  ☐ Moderate Income | | | x 20% | | 1,630 | | Monthly 136 | |
| Limit Maximum | 28,600 | | 10. Difference | ( ) | 197 | | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _197_ dollars per month for 12 months beginning _12/25/89_. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXX dollars on or before January 1, 19 XXXXXXXX This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

SUBSIDY 89   $1428   IS THIS CORRECT? (N)

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

October 30, 1989
(Date Approved)

County Supervisor
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By _Reginald W. Barker_
Reginald W. Barker

RETURN TO:

37-15
CATALANO III, FRANK
CATALANO, ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE ST
EAST AURORA NY  14052

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-6
(Rev. 9-86)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB NO. 0575-0059

INTEREST CREDIT AGREEMENT
(Section 502 RH Loans)

| Date of Note | Amount of Note | | Type of Agreement |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☒ New  2 ☐ Renewal  3 ☐ Corrected |
| 06/29/90 | $29,168.97 | Payment Plan | Case Number ﹚2611 |
| | | ☐ Annual ☒ Monthly | Effective Date of Agreement  8/29/90 |

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II. TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. Frank A. Catalano, III | 37 | 24,230. | | Erie County Dept. of Highways  50 West Ave. Hamburg, NY |
| 2. Arlene A. Catalano | 35 | 18,000. | | Self Employed |
| 3. | | | | |

**B.** Number of dependents *(not including foster children)* residing in the dwelling    3

**C.** Annual Real Estate Taxes *(Dwelling Only)* 1,722.    Annual Property Insurance Premium *(Dwelling Only)* 437.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

6-13-90    X Frank A. Catalano III    X Arlene A. Catalano

| (Date) | (Borrower) | (Co-Borrower) |

**III. TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income | 43,070. | 4. Note Installment ( ) | 6,708. | 11. Note Installment | 6,708. |
| 2. Deductions | 1,440. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 2,544. |
| | | 6. Real Estate Tax ( ) | 1,722. | 13. Difference | 4,164. |
| 3. Adjusted Annual Income | 41,630. | 7. Property Insur. ( ) | 437. | 14. Interest Credit: | |
| *(1 minus 2)* | | 8. Total | 8,867. | Annual | XXXXX |
| ☐ Low-Income ☒ Moderate-Income | | 9. Adjusted Income | | Monthly | 45.00 |
| Limit-Maximum | 28,600. | x 20% ( ) | 8,326. | | |
| | | 10. Difference ( ) | 541. | | |

$514.00

**IV. MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars per month for 12 months beginning  9/25/90  If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V. ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19 ____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19 ____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrower's required payment will be $ _____ rather than the amount shown above.

September 17, 1990

(Date Approved)

County Supervisor

(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By Reginald W. Barker

**RETURN TO:**

CATALANO, FRANK III
CATALANO, ARLENE A.

Derby, NY   14047

COUNTY SUPERVISOR
FARMERS HOME ADMINISTRATION
21 South Grove Street
East Aurora, NY   14052

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 7/89)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

FORM APPROVE
OMB No.0575-00

| DATE OF NOTE | AMOUNT OF NOTE | TYPE OF AGREEMENT |
|---|---|---|
| 11/25/87 | $42,000.00 | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |
| 06/29/90 | $29,168.97 | CASE NUMBER 2611 |

PAYMENT PLAN  **EXP MONTH 08**

☐ Annual  ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT 08/25/91

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)     **CATALANO III, FRANK**

A. Complete the following for borrower, co-borrower and all adult members of the household who will receive income.

PLANNED INCOME NEXT 12 MONTHS

| NAME | AGE | WAGES | OTHER | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| 1. FRANK A. CATALANO III | 37 | 21,000 | | ERIE COUNTY DEPT. OF HIGHWAYS 50 WEST AVE. HAMBURG, N.Y. |
| 2. ARLENE A. CATALANO | 36 | 21,600 | | 6980 WELLINGTON DR. DERBY, N.Y. 14047  SELF-EMPLOYED |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling  [ 3 ]

C. Annual Real Estate Taxes (Dwelling Only) = $2,063.76  Annual Property Insurance Premium (Dwelling Only) # 465

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

5-20-91
(Date)

Frank A. Catalano III
(Borrower)

Arlene C. Catalano
(Co-Borrower)

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | |
|---|---|---|---|---|
| 1. Annual Income | 35,887. | 4. Note Installment ( ) | $ 6,708 | 11. Note Installment $ 6,708 |
| 2. Deductions | 1,440 | 5. Note Installment ( ) | | 12. Note Installment at 1% Rate $ 2,544 |
| 3. Adjusted Annual Income (1 minus 2) | 34,450. | 6. Real Estate Tax ( ) | 2,064. | 13 Difference $ 4,164 |
| | | 7. Property Insur. ( ) | 465 | 14. Interest Credit |
| | | 8. Total ( ) | 9,237. | Annual XXXXX  XXXXX |
| ☐ Low-Income  ☒☒ Moderate-Income | | 9. Adjusted Income | 6,890. | Monthly ...  $196.00 |
| Limit Maximum $36,150 | | x 20% ( ) | | |
| | | 10. Difference ( ) | 2,347. | $363.00  dollars per month for 12 |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay  months beginning 10/25/91  If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months.
This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay  XXXXXXXXXXX  dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay  XXXXXXXXX  dollars on or before January 1, 19 XXXXXXXXX  This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ rather than the amount shown above.

November 5, 1991
(Date Approved)

County Supervisor
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By  Reginald W. Barker

RETURN TO:

37-15
CATALANO III, FRANK
CATALANO, ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE STREET
EAST AURORA NY 14052

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture, Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503.

FmHA 1944-A6 (Rev. 7)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE | | TYPE OF AGREEMENT | | |
|---|---|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 □ New  2 ☒ Renewal  3 □ Corrected | | |
| 6/29/90 | $29,163.97 | | CASE NUMBE  2611 | | |

| PAYMENT PLAN  EXP MONTH 08 | EFFECTIVE DATE |
|---|---|
| □ Annual  ☒ Monthly  □ Deferred | OF AGREEMENT  06/25/92 |

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)  **CATALAN] III,FRANK**

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOMI |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 39 | $21,486. $22000 | 1,000. | ERIE COUNTY DEPT OF HIGHWAYS 50 WEST AVE  HAMBURG |
| 2. ARLENE A. CATALANO | 37 | $ $15,200 | 15,200. | SELF EMPLOYED (BUFFALO NEWS DEAL 6980 WELLINGTON DR. DERBY |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling  **3**

C. Annual Real Estate Taxes (Dwelling Only) **$2,357.03**    Annual Property Insurance Premium (Dwelling Only) **$494.00**

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 7-8-92 | X Frank A. Catalano III | X Arlene A. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

III. TO BE COMPLETED BY COUNTY OFFICE

| 1. Annual Income | 37,686. | | 4. Note Installment | ( 559. ) $ | 6,708 | | 11. Note Installment | $ 6,708 |
|---|---|---|---|---|---|---|---|---|
| 2. Deductions | 1,440. | | 5. Note Installment | ( ) | | | 12. Note Installment at 1% Rate | $ 2,544 |
| | | | 6. Real Estate Tax | ( ) | 2,302. | | 13. Difference | $ 4,164 |
| | | | 7. Property Insur. | ( ) | 494. | | 14. Interest Credit | |
| 3. Adjusted Annual Income | 36,250. | | 8. Total | ( ) | 9,504. | | Annual X XXXXX  XXXXX | |
| (1 minus 2) | | | 9. Adjusted Income | | | | | |
| _ Low-Income  XX Moderate-Income | | | x 20% | ( ) | 7,250. | | Monthly 188. | |
| Limit Maximum  34,600. | | | 10. Difference | ( ) | 2,254. | | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay **371.** dollars per month for 12 months beginning **SEPT. 25, 1992**  If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay **XXXXXXXXXXX** dollars on or before January 1, 19 **XXX** If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay **XXXXXXXXX** dollars on or before January 1, 19 **XXXXXXXXX** This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

(Date Approved)

COUNTY SUPERVISOR _____    By John A. Durand
(Title)                          John A. Durand

RETURN TO:

37-15
CATALANO III,FRANK
CATALANO,ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
50 COMMERCE WAY
EAST AURORA NY  14052

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instruction searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send commen regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agi culture, Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OM No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

Position 2                                          FmHA 1944-A6 (Rev. 7

FORM APPROVED
OMB No. 0575-0059

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | 29,168.97 |

Type of Agreement
1 ☐ New   2 ☒ Renewal   3 ☐ Corrected

Case Number **2611**

Payment Plan   EXP MONTH 08
☐ Annual   ☒ Monthly   ☐ Deferred

Effective Date of Agreement
**08/25/93**

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II.** TO BE COMPLETED BY BORROWER *(if additional space is needed, attach additional sheets)*   CATALANO III, FRANK

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. FRANK A. | 40 | 22,006. XXXXXXXX | 2,000. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD. ANGOLA N.Y. |
| 2. ARLENE A. | 38 | XXXXXX | 8,750. | SELF-EMPLOYED BUFFALO NEWS DEALER |
| 3. Frank | | | 125. | 6980 WELLINGTON DR DERBY Interest Income |

**B.** Number of dependents *(not including foster children)* residing in the dwelling   **3**

**C.** Annual Real Estate Taxes *(Dwelling Only)* XXXXXXXX Annual Property Insurance Premium *(Dwelling Only)* $XXXX 501.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

X 11-28-94 _____   X _____
*(Date)*   Frank A. Catalano III *(Borrower)*   Arlene A. Catalano *(Co-Borrower)*

**III.** TO BE COMPLETED BY COUNTY OFFICE

| | | | |
|---|---|---|---|
| 1. Annual Income 32,881. | 4. Note Installment ( 559 ) 6.708. | 11. Note Installment 6.708. | |
| 2. Deductions 1,440. | 5. Note Installment ( ) | 12. Note Installment at 1% rate 2,544. | |
| 3. Adjusted Annual Income 31,440. *(1 minus 2)* | 6. Real Estate Tax ( ) 2,479. | 13. Difference 4,164. | |
| | 7. Property Insur. ( ) 501. | 14. Interest Credit: | |
| ☐ Low-Income ☒ Moderate-Income | 8. Total ( ) 9,688. | Annual XXXX XXXX | |
| Limit-Maximum 36,700 | 9. Adjusted Income x 20% ( ) 6,288. | Monthly 283. | |
| | 10. Difference ( ) 3,400. | | |

**IV.** MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay **$276.** dollars per month for 12 months beginning **SEPT. 25, 1993**. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V.** ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $_____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

_____
*(Date Approved)*
COUNTY SUPERVISOR
_____
*(Title)*

By John A. Durand
JOHN A. DURAND

37-15
CATALANO III, FRANK A.
CATALANO   ARLENE A.

DERBY, NY  14047

RETURN TO:
37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMINISTRATION
50 COMMERCE WAY
EAST AURORA, NY  14052-2187

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form res___ 'n denial, reduction or cancellation of FmHA assista___ you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. ___e use the form we have included for this purpose.

FmHA 1944-6 (Rev. 7-91)

Form FmHA 1944-6
(Rev. 7-91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-0059

| Date of Note 11/25/87 | Amount of Note $42,000.00 | INTEREST CREDIT AGREEMENT (Section 502 RH Loans) | Type of Agreement 1 ☐ New   2 ☒ Renewal   3 ☐ Corrected |
|---|---|---|---|
| 06/29/90 | 29,168.97 | | Case Number 2611 |
| | | Payment Plan EXP MONTH 08 ☐ Annual  X☒ Monthly  ☐ Deferred | Effective Date of Agreement 08/25/94 |

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note" (or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)* CATALANO III, FRANK A.

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. FRANK A. | 41 | 22,564. XXXXXXX | 2,725. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD, ANGOLA N.Y. |
| 2. ARLENE A. | 39 | ~1,127 | | SELF-EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR, DERBY |
| 3. | | | | |

B. Number of dependents *(not including foster children)* residing in the dwelling [ 3 ]

C. Annual Real Estate Taxes *(Dwelling Only)* XXXXXXXX Annual Property Insurance Premium *(Dwelling Only)* $543

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 11-28-94 | Frank A. Catalano III | Arlene A. Catalano |
|---|---|---|
| *(Date)* | Frank A.   *(Borrower)* Catalano, III | Arlene A.   *(Co-Borrower)* Catalano |

III. **TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. Annual Income | 25,288. | 4. Note Installment ( 559. ) | 6,708. | 11. Note Installment | | 6,708. |
| 2. Deductions | 1,440. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | | 2,544. |
| 3. Adjusted Annual Income 23,850. *(1 minus 2)* | | 6. Real Estate Tax ( ) | 2,455. | 13. Difference | | 4,164. |
| | | 7. Property Insur. ( ) | 543. | 14. Interest Credit: | | |
| ☒ Low-Income  ☐ Moderate-Income Limit-Maximum  31,200. | | 8. Total ( ) | 9,706. | Annual | XXXX | XXXX |
| | | 9. Adjusted Income x 20% ( ) | 4,770. | Monthly | 347. | |
| | | 10. Difference ( ) | 4,936. | | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay ___212.___ dollars per month for 12 months beginning ___SEPT. 25, 1994___. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19___. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19___. This agreement or the extension thereof may be revised or cancelled as provided on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| *(Date Approved)* | By John A. Durand |
|---|---|
| ACTING COUNTY SUPERVISOR | JOHN A. DURAND |
| *(Title)* | |

37-15
CATALANO III, FRANK A.
CATALANO, ARLENE A.

DERBY, NY 14047

RETURN TO: 37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMINISTRATION
50 COMMERCE WAY
EAST AURORA, NY 14052-2187

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

FmHA 1944-6 (Rev. 7-91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

OMB No. 0575-0059

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | 29,168.97 |

Payment Plan: ☐ Annual  ☒ Monthly  ☐ Deferred

Type of Agreement: 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected

Case Number  2611

Effective Date of Agreement  08/25/95

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** (if additional space is needed, attach additional sheets)  CATALANO III, Frank A.

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| Name | Age | Planned Income Next 12 Months Wages | Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. FRANK A. | 42 | 23,625. ~~XXXXXXX~~ | 3,500. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD ANGOLA, N.Y. |
| 2. ARLENE A. | 40 | ~~XXXXXXX~~ | 10,410 | SELF-EMPLOYED BUFFALO NEWS 6980 WELLYNGTON (DERBY) DEALER |
| 3. | | | | |

B. Number of dependents (not including foster children) residing in the dwelling  3

C. Annual Real Estate Taxes (Dwelling Only) 2,964.61  Annual Property Insurance Premium (Dwelling Only) 234.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

AUGUST 22, 1995        _Frank A. Catalano, III_        _Arlene A. Catalano_
(Date)        Frank A. (Borrower) Catalano, III        Arlene A. (Co-Borrower) Catalano

III. **TO BE COMPLETED BY COUNTY OFFICE**

1. Annual Income  37,535.
2. Deductions  1,440.
3. Adjusted Annual Income (1 minus 2)  36,100.

☐ Low-Income  ☒ Moderate-Income
Limit-Maximum  39,200.

4. Note Installment ( 559. )  6,708.
5. Note Installment ( )
6. Real Estate Tax ( )  2,965.
7. Property Insur. ( )  550.
8. Total ( )  10,223.
9. Adjusted Income x 20% ( )  7,220.
10. Difference ( )  3,003.

11. Note Installment  6,708.
12. Note Installment at 1% rate  2,544.
13. Difference  4,164.
14. Interest Credit:
    Annual  XXXX  XXXX
    Monthly  250.  250.

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay 309.00 dollars per month for 12 months beginning SEPT. 25, 1995 . If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19___. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19___. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

AUGUST 23, 1995
(Date Approved)
COUNTY SUPERVISOR
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By _John A. Durand_
John A. Durand

37-15
CATALANO III, FRANK A.
CATALANO, ARLENE A.

DERBY, NY 14047

RETURN TO:  37-15
COUNTY SUPERVISOR
USA, RECD
50 COMMERCE WAY
EAST AURORA, NY  14052-2187

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

FmHA 1944-6 (Rev. 7-91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

Payment Plan
☐ Annual   ☒ Monthly   ☐ Deferred

| Type of Agreement |
|---|
| 1 ☐ New   2 ☐ Renewal   3 ☒ Corrected |

Case Number  2611

Effective Date of Agreement
5/25/96

I.  This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the Borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note," whether one or more) from Borrower to the Government as described above.

II.  **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A.  Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months Wages | Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. ARLENE A. CATALANO | 41 | 10,632 | 7,800 | SELF-EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR. DERBY, N.Y. 14047 |
| 2. | | | | |
| 3. | | | | |

B.  Number of dependents *(not including foster children)* residing in the dwelling   2

C.  Annual Real Estate Taxes *(Dwelling Only)* $2,838.14 Annual Property Insurance Premium *(Dwelling Only)* $556

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 5-9-96 | Arlene Catalano | |
|---|---|---|
| *(Date)* | *(Borrower)* | *(Co-Borrower)* |

III.  **TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income 18,432 | 4. Note Installment ( 559 ) | 6708 | 11. Note Installment | 6708 |
| | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 2544 |
| 2. Deductions 960 | 6. Real Estate Tax ( ) | 2838 | 13. Difference | 4164 |
| | 7. Property Insur. ( ) | 556 | 14. Interest Credit: | |
| 3. Adjusted Annual Income 17,472 | 8. Total ( ) | 10,102 | Annual | XXXXXXXXXX |
| *(1 minus 2)* | 9. Adjusted Income x 20% | 3686 | Monthly | 347 |
| ☒ Low-Income   ☐ Moderate-Income | 10. Difference ( ) | 6416 | | |
| Limit-Maximum | | | | |

IV.  **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $212.00 dollars per month for 12 months beginning 6/25/96. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V.  **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay dollars on or before January 1, 19____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay dollars on or before January 1, 19____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $____ rather than the amount shown above.

| May 14, 1996 | UNITED STATES DEPARTMENT OF AGRICULTURE FARMERS HOME ADMINISTRATION |
|---|---|
| *(Date Approved)* | |
| CD Manager | By  RD Forness |
| *(Title)* | RONALD D. FORNESS |

| 37-15 | **RETURN TO:** 37-15 |
|---|---|
| Catalino, Frank A. III | USDA/Rural Development |
| Catalino, Arlene A. | P.O. Box 776 |
| | Ellicottville, NY 14731 |
| Derby, NY 14047 | |

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.
If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Use the form we have included for this purpose.

Form RD 1944-6
(Rev. .3-97)

UNITED STATES DEPARTMENT OF AGRICULTURE
Rural Housing Service

OMB No. 0575-0172

| Date of Note | Amount of Note | INTEREST CREDIT AGREEMENT | Type of Agreement |
|---|---|---|---|
| 6-25-97 | $41,489.03 | (Section 502 RH Loans) | 1 ☑ New   2 ☐ Renewal   3 ☐ Corrected |
| 6-25-97 | $27,627.24 | | Case Number  22611 |

Payment Plan  ☐ Annual  ☑ Monthly  ☐ Deferred

Effective Date of Agreement  6-25-97

I. This agreement between the United States of America, acting through the United States Department of Agriculture pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. Arlene A. Catalino | 42 | $4371.00 from M&T | $9880. | Self Employed - Buffalo News / Child Support / Alimony |
| 2. Jennifer M. Catalino | 22 | $480. | | M & T Bank, Buffalo / Full Time Student |
| 3. Frank A. Catalino | 20 | | | Not Employed at this time. |

B. Number of dependents *(not including foster children)* residing in the dwelling  [ 1 ]

C. Annual Real Estate Taxes *(Dwelling Only)* $2877.  Annual Property Insurance Premium *(Dwelling Only)* $608

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

SECTION 1001 OF TITLE 18, UNITED STATES CODE PROVIDES: "WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK, SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH."

6-25-97   X Frank H. Catalino III   X Arlene G. Catalino
(Date)       FRANK H. (Borrower) CATALINO III       ARLENE (Co-Borrower) CATALINO

III. **TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Annual Income | 14,730. | 4. Note Installment ( ) | 6960 | 11. Note Installment | 6960 |
| 2. Deductions | 480. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 3240 |
| | | 6. Real Estate Tax ( ) | 2877 | 13. Difference | 3780. |
| 3. Adjusted Annual Income (1 minus 2) | 14,250 | 7. Property Insur. ( ) | 608 | 14. Interest Credit: |
| | | 8. Total ( ) | 10,445 | Annual |
| ☑ Low-Income  ☐ Moderate-Income Limit-Maximum | 28,650. | 9. Adjusted Income x 20% ( ) | 2850 | Monthly | $310.00 |
| | | 10. Difference ( ) | 7595 | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $310.00 dollars per month for 12 months beginning 7-25-97. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay X X X X X X X X dollars on or before January 1, 19 X X. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay X X X X X dollars on or before January 1, 19 X X. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form RD 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ X X X X X  rather then the amount shown above.

6-25-97
(Date Approved)

Community Development Manager
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE

By  THOMAS J. DANKERT

RETURN TO:

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

If the decision contained above in this form results in denial, reduction or cancellation of assistance, you may appeal this decision and have a hearing or you may request a review in lieu of hearing.

RD 1944-6 (Rev. 3-97)

```
RHCDS/SUBSIDY DATA
FMP1CICS FMP1 FH286      TV420454 0454 FAST              PFSP282
ACCT NBR    7529    ML P PRI SSN   ;5343 FRANK A CATALANO III
--------   ASSISTANCE ELIGIBILITY   -------  ---- PROGRAM/MORATORIUM STATUS ---
PMT ASSIST ELIGIBLE (Y/N)     YES      PROGRAM BORROWER          PRG
DEFER MORT ELIGIBLE (Y/N/C)   NO       UNDER MORATORIUM          NO
PMT ASSIST METHOD # (N/1/2)   METHOD 2   EFFECTIVE 00/00/00 EXPIRE 00/00/00
SUBSIDY RECAPTURE   (N/D/S)   SUBJECT TO RECAP
-------  AGREEMENT DATES / SUBSIDY AMOUNTS  --------    - PAID-TO DATES -
EFFECTIVE    EXPIRES PMT TYPE  PMT ASSIST  DEFER MORT   INT PD-TO    01/25/06
 07/25/01   07/24/02 MONTHLY     189.73       0.00      PMT ASSIST   01/25/06
 07/25/02   07/24/04 MONTHLY     189.73       0.00      AUDIT POPUP  N
 12/25/04   12/24/05 MONTHLY     189.73       0.00
 12/25/05   12/24/06 MONTHLY     189.73       0.00
 00/00/00   00/00/00               0.00       0.00
              --------ASSISTANCE FINANCIAL HISTORY  -----------
ADMIN ADJUST RSN 0   ------- INTEREST  -----   ----- PRINCIPAL  -----
---- PROGRAM  ----   YR TO DATE   LN TO DATE   YR TO DATE   LN TO DATE
PAYMENT ASSISTANCE     379.46     17771.67        0.00        821.87
DEFER MORT ASSIST        0.00         0.00        0.00          0.00
PRE  1/90 PMT ASST                    0.00                     0.00
------------------------- OTHER INFORMATION ------------------------------
OVRD 0 REAMORT: 1ST PMT DT 00/00/00 PRIOR P&I     333.00 FOR INT        0.00
                         OK INQUIRY ONLY
```

```
  RHCDS/SUBSIDY DATA                  650 286  10:28:56 11/17/06 TV420454
FMP1CICS FMP1 FH286     TV420454 0454 FAST            PFSP282
ACCT NBR    7532    ML S PRI SSN      5343 ARLENE A CATALANO
-------- ASSISTANCE ELIGIBILITY -------  ---- PROGRAM/MORATORIUM STATUS ---
PMT ASSIST ELIGIBLE (Y/N)    YES       PROGRAM BORROWER        PRG
DEFER MORT ELIGIBLE (Y/N/C)  NO        UNDER MORATORIUM        NO
PMT ASSIST METHOD # (N/1/2)  METHOD 2  EFFECTIVE 00/00/00 EXPIRE 00/00/00
SUBSIDY RECAPTURE   (N/D/S)  SUBJECT TO RECAP
------- AGREEMENT DATES / SUBSIDY AMOUNTS --------     - PAID-TO DATES -
EFFECTIVE    EXPIRES PMT TYPE  PMT ASSIST  DEFER MORT   INT PD-TO   01/25/06
07/25/01    07/24/02 MONTHLY     120.25       0.00      PMT ASSIST  01/25/06
07/25/02    07/24/04 MONTHLY     120.25       0.00      AUDIT POPUP  N
12/25/04    12/24/05 MONTHLY     120.25       0.00
12/25/05    12/24/06 MONTHLY     120.25       0.00
00/00/00    00/00/00               0.00       0.00
                 --------ASSISTANCE FINANCIAL HISTORY  -----------
ADMIN ADJUST RSN 0  ------- INTEREST  -----   ----- PRINCIPAL  -----
---- PROGRAM  ----   YR TO DATE   LN TO DATE   YR TO DATE   LN TO DATE
PAYMENT ASSISTANCE      240.50     11398.59        0.00       385.91
DEFER MORT ASSIST         0.00         0.00        0.00         0.00
PRE  1/90 PMT ASST                    0.00                     0.00
------------------------- OTHER INFORMATION -----------------------------
OVRD 0 REAMORT: 1ST PMT DT 00/00/00 PRIOR P&I      226.00 FOR INT        0.00
                         OK INQUIRY ONLY
```

**EXHIBIT I**

*4086/0*

TRANSCRIPT OF JUDGMENT
CERTIFICATE OF DISPOSITION
DOCKET NO. B79611

*8147-5186*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment      ARLENE A CATALANO
Debtor
Address       6980 WELLINGTON DRIVE
              DERBY, NY 14047
Judgment       FORD MOTOR CREDIT COMPANY
Creditor
Address        17197 N LAUREL PARK DR STE 402
               LIVONIA, MICHIGAN 48152
Attorney for   RUBIN & ROTHMAN
Judgment        1787 VETERANS HIGHWAY
Creditor        ISLANDIA NY 11749
ACTION SEVERED:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Damages      $  14415.45        Judgment Docketed
                                  Date: April 26, 2005
  Court Costs  $   146.00
                                  Judgment Rendered
  TOTAL AWARD  $  14561.45        Date: April 26, 2005
                                  CITY COURT OF BUFFALO
                                  COUNTY OF ERIE
                                  STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                              REMARKS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DATE SATISFIED:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  State of New York    )
  County of Erie       )
  City of Buffalo      )

I, S. BANKS-WILLIAMS, clerk of the City Court of Buffalo, hereby
certify that all of the above is a correct transcript from the docket of
judgments in the Buffalo City Court, and I further certify that the
above judgment has been ENTERED.

IN TESTIMONY WHEREOF, I have hereunto set my name and affixed the
official seal of the City Court of Buffalo on April 26, 2005.

                              *S. Banks-Williams*
                              S. BANKS-WILLIAMS
                              Court Clerk

  S E A L

                                                    *24601*

Book147/Page5187

**EXHIBIT J**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA      PLAINTIFF

Case No.: 07-CV-4

V.

FRANK A. CATALANO, III, ARLENE A.
CATALANO, FORD MOTOR CREDIT
COMPANY, JOHN DOE, MARY ROE, XYZ
CORPORATION

## ENTRY OF DEFAULT

### IT APPEARING THAT DEFENDANTS

ARLENE A. CATALANO, FORD MOTOR CREDIT COMPANY, JOHN DOE, MARY ROE

ARE IN DEFAULT FOR FAILURE TO APPEAR OR OTHERWISE DEFEND AS
REQUIRED BY LAW. DEFAULT IS HEREBY ENTERED AS AGAINST SAID
DEFENDANTS ON THIS   21 st   DAY OF February, 2007.


RODNEY C. EARLY, CLERK


By: S/ Jane D. Kellogg
Deputy Clerk

**EXHIBIT K**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA          PLAINTIFF

                                                    Case No.: 07-4

          V.

FRANK A. CATALANO, III, ET AL          DEFENDANT

### ENTRY OF DEFAULT

IT APPEARING THAT DEFENDANT

FRANK A. CATALANO, III

IS IN DEFAULT FOR FAILURE TO APPEAR OR OTHERWISE DEFEND AS REQUIRED
BY LAW. DEFAULT IS HEREBY ENTERED AS AGAINST SAID DEFENDANT ON THIS
3RD. DAY OF APRIL, 2007.

RODNEY C. EARLY, CLERK

By:    s/Deborah M. Zeeb
       Deputy Clerk

**EXHIBIT L**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Plaintiff,

    vs.

FRANK A. CATALANO, III, ARLENE A. CATALANO,
ET AL,

               Defendant.

Case #07 CV 04

AFFIDAVIT OF SERVICE

State of New York ]
County of Erie   ] ss.:

SUZANNE M. SCHERRER, being duly sworn, deposes and says that she is over 18 years of age and not a party to this action; that on the 6th day of January, 2007, at approximately 10:35 am at 6980 Wellington Drive (light blue ranch), Derby, New York, 14047, deponent served the annexed SUMMONS AND VERIFIED COMPLAINT, HAVING CASE NUMBER AND DATE OF FILING of 01-04-2007 AFFIXED THEREON, on JOHN DOE (FRANK CATALANO), the defendant named herein in the following manner:

By delivering to and leaving with JENNIFER CATALANO (SISTER), a true copy thereof, a person of suitable age and discretion. Said premises being the defendant's dwelling place and usual place of abode within the state of New York.

Deponent also served a copy of the SUMMONS AND COMPLAINT by enclosing a copy of the same in a first class mail, postpaid sealed envelope, bearing the caption "personal and confidential" and not indicating on the outside thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the person served. Deponent did properly address the envelope to the above defendant, at the defendant's last known residence, the same address as service above and deposited said envelope in an official depository under the exclusive care and custody of the United States Postal Service in the State of New York on 1-6-07.

The person served would be described as approximately 20-25 years of age, 140 pounds, five feet four inches tall, female, brown hair, and caucasian skin.

To my best knowledge, information and belief, the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this 7th
day of January, 2007.

_____
NOTARY PUBLIC

TRACIE KNAUER
NOTARY PUBLIC
STATE OF NEW YORK, COUNTY OF ERIE
COMMISSION EXPIRES JUNE 30, 2009

_____
SUZANNE M. SCHERRER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

Case #07 CV 04

vs.

AFFIDAVIT OF SERVICE

FRANK A. CATALANO, III, ARLENE A. CATALANO,
ET AL,

Defendant.

State of New York ]
County of Erie    ] ss.:

SUZANNE M. SCHERRER, being duly sworn, deposes and says that she is over 18 years of age and not a party to this action; that on the 6th day of January, 2007, at approximately 10:35 am at 6980 Wellington Drive (light blue ranch), Derby, New York, 14047, deponent served the annexed SUMMONS AND VERIFIED COMPLAINT, HAVING CASE NUMBER AND DATE OF FILING of 01-04-2007   AFFIXED THEREON, on MARY ROE (JENNFER CATALANO), the defendant named herein in the following manner:

By delivering to and leaving with JENNIFER CATALANO, personally, a true copy thereof, and that she knew the person so served to be the defendant described in the said SUMMONS AND VERIFIED COMPLAINT, HAVING CASE NUMBER AND DATE OF FILING AFFIXED THEREON.

The person served would be described as approximately 20-25 years of age, 140 pounds, five feet four inches tall, female, brown hair, and caucasian skin.

To my best knowledge, information and belief, the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this 8th
day of January, 2007.

_____
NOTARY PUBLIC

TRACIE KNAUER
NOTARY PUBLIC
STATE OF NEW YORK, COUNTY OF ERIE
COMMISSION EXPIRES JUNE 30, 2009

_____
SUZANNE M. SCHERRER

**EXHIBIT M**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case #07 CV 04

Plaintiff,

vs.

AFFIDAVIT OF NON-SERVICE

FRANK A. CATALANO, III, ARLENE A. CATALANO,
ET AL,

Defendant.

State of New York ]
County of Erie    ] ss.:

SUZANNE M. SCHERRER, being duly sworn, deposes and says that she is over 18 years of age and not a party to this action; that on the 6th day of January, 2007, at approximately 10:35 am at 6980 Wellington Drive (light blue ranch), Derby, New York, 14047, deponent attempted to serve the annexed SUMMONS AND VERIFIED COMPLAINT, HAVING CASE NUMBER AND DATE OF FILING of 01-04-2007 AFFIXED THEREON, on XYZ CORPORATION, the defendant named herein in the following manner:

By delivering interviewing JENNIFER CATALANO, personally, who stated there were no businesses at the mortgaged premises, therefore, deponent served no one under the fictitious name "XYZ Corporation".

The person interviewed would be described as approximately 20-25 years of age, 140 pounds, five feet four inches tall, female, brown hair, and caucasian skin.

To my best knowledge, information and belief, the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this 8th
day of January, 2007.

_Inacecknecim_
NOTARY PUBLIC

SUZANNE M. SCHERRER

TRACIE KNAUER
NOTARY PUBLIC
STATE OF NEW YORK, COUNTY OF ERIE
COMMISSION EXPIRES JUNE 30, 2009

**EXHIBIT N**

 **USDA**

**United States
Department of
Agriculture**

**Rural Housing Service**
*Centralized Servicing Center*
P. O. Box 66827
St. Louis, MO 63166

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

FRANK A CATALANO III
6980 WELLINGTON DR
DERBY                      NY 14047-9519

SUBJECT: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); NOTICE OF
INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION.

Dear   FRANK A CATALANO III

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable. If payment in full is not made,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the
indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| 0005417529 | 11/25/87 | 42000.00 |
| 0005417532 | 06/13/90 | 29100.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation. However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows:

**MONETARY DEFAULT**

The balance of the account is $ 57483.57        unpaid principal and
$ 1647.50        unpaid interest, as of 06/14/06 , plus additional interest accruing at the rate
of $14.0094        per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of  subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

 USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410

*5Q000000802* L9051BSP

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**

> USDA-RHS
> P. O. Box 371419
> Pittsburgh, PA 15250-7419

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than   06/29/06   . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B. Herron
Branch Chief
CSC - Chief, Collection Services Branch
Rural Housing Service
United States Department of Agriculture

Date: 06/14/06
Attachment
CC: State Office

This letter was mailed certified and regular mail on 06/14/06 .

*50000000804* L9061BSP

 **USDA**

**United States
Department of
Agriculture**

**Rural Housing Service**
Centralized Servicing Center
P. O. Box 66827
St. Louis, MO 63166

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

ARLENE A CATALANO
6980 WELLINGTON DR
DERBY                NY 14047-9519

SUBJECT: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); NOTICE OF
INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION.

Dear  ARLENE A CATALANO

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable. If payment in full is not made,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the
indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| 0005417529 | 11/25/87 | 42000.00 |
| 0005417532 | 06/13/90 | 29100.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation. However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows:

**MONETARY DEFAULT**

The balance of the account is $ 57483.57          unpaid principal and
$ 1647.50          unpaid interest, as of 06/14/06 , plus additional interest accruing at the rate
of $14.0094          per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.



USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410

*5Q000000902* L9051BSP

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**



USDA-RHS
P. O. Box 371419
Pittsburgh, PA 15250-7419

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than   06/29/06   . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron
Branch Chief
CSC - Chief, Collection Services Branch
Rural Housing Service
United States Department of Agriculture

Date:  06/14/06
Attachment
CC:   State Office

This letter was mailed certified and regular mail on  06/14/06 .

**EXHIBIT O**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____X  CV No.: 07-CV-0004 A

UNITED STATES OF AMERICA

                      **AFFIDAVIT OF PLAINTIFF**

             Plaintiff,

   -vs-

Frank A. Catalano, III, Arlene A. Catalano
Ford Motor Credit Company, John Doe, Mary Roe,
and XYZ Corporation,

             Defendants).
_____X

STATE OF NEW YORK   )
COUNTY OF ONONDAGA ) SS:

     I, Jennifer R. Jackson, being duly sworn, depose and say that:

     1. I am employed by the United States of America and hold the position of Single

Family Housing Program Director, with the USDA Rural Housing Service (formerly

Farmers Home Administration), Syracuse office. I have knowledge of the facts and

circumstances stated herein.

     2. The Defendant Mortgagor(s), Frank A. Catalano, III, Arlene A. Catalano, have

defaulted on payments due and owing under the Note(s) and Mortgage(s) set forth in the

Complaint previously filed in this action.

     3. The Defendant Mortgagor(s), are indebted to the United States of America as

follows: (See Attached Schedule A).

     4. Pursuant to the terms of one or more Interest Credit Agreements between the

defendant mortgagor(s) and the Government, the interest rate provided in the Promissory

Note was reduced during the effective dates of the Agreements. Such interest credit is

subject to recapture upon foreclosure by 42 USC 1490a(a) (1) (D) and 7 CFR

1951.406(b). The amount subject to recapture is determined by 7 CFR 1951.407 and

Subsidy Repayment Agreement attached to the Complaint herein. This amount is

recoverable as part of the mortgage debt pursuant to the last sentence of the final

"Whereas" paragraph of the mortgage. Interest Credit in the amount of $57,193.29 is

subject to recapture. Said Interest Credit and Subsidy Repayment Agreement(s) are

attached hereto and made a part hereof.

5. As of March 21, 2007, there is a total amount of **$130,558.97** due and owing to

Plaintiff.

6. These figures are based upon the official business records of the USDA Rural

Housing Service, including records maintained on a computer located in our Central

Office in St. Louis, Missouri, to which each field office has on-line access.

Jennifer R. Jackson

Sworn to before me, this
21st day of March, 2007.

Notary Public

CARLA A. REESE
Notary Public for Cayuga Co.
Certificate # 01RE4706616
Commission Expires 3/31/2009

## SCHEDULE A

**Account# 5417529**

| | |
|---|---|
| Unpaid Principal (Note) | $33,457.41 |
| Unpaid Interest (Note thru 3/21/2007): | $ 3,266.65 |
| Daily Interest Accrual (Note):<br>$8.2497 per day at 9% | |
| Unpaid Principal on Advances (Taxes/Ins/Maint) | $ 9,726.22 |
| Unpaid Interest on Advances (Taxes/Ins/Maint) | $ 585.73 |
| Interest Credit Granted | $37,719.79 |
| **TOTAL DUE on Acct# 5417529** | **$84,755.80** |

**Account# 5417532**

| | |
|---|---|
| Unpaid Principal (Note) | $24,026.16 |
| Unpaid Interest (Note thru 3/21/2007): | $ 2,303.51 |
| Daily Interest Accrual (Note):<br>$5.7597 per day at 8.75% | |
| Interest Credit Granted | $19,473.50 |
| **TOTAL DUE on Acct# 5417532** | **$45,803.17** |

Interest herein on all accounts has been accrued
through 3/21/2007.

TOTAL DUE THROUGH March 21, 2007, IN PRINCIPAL,
INTEREST, ADVANCES, TAXES, PENALTIES AND
DEFICIENCIES on Account Numbers **5417529 / 5417532:  $130,558.97**

EXHIBIT P

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Civil Action No.:
07-CV-0004 A

Plaintiff,

-vs-

**BILL OF COSTS**

Frank A. Catalano, III, Arlene A. Catalano, et al.
Defendants.

---

STATE OF NEW YORK )
COUNTY OF MONROE ) SS:
CITY OF ROCHESTER )

Gerald N. Murphy, being first duly sworn, deposes and says:

1.  I am an attorney duly admitted to practice in the Federal Courts of the Western District of the State of New York, and assigned to handle this action on behalf of the Plaintiff, United States of America, and am familiar with the pleadings and proceedings in this action.

2.  Upon information and belief, the following costs were necessarily incurred in this action, the services of the Marshal were actually and necessarily performed and the United States is entitled to additional allowances pursuant to statute:

Costs:

Clerk's Filing Fee: Index Number       $210.00

Clerk's Filing Fee:  Notice of Pendency $47.50

Clerk's Filing Fee:  Additional Notice
      Of Pendency                        $0.00

Service of Process               $375.00

Total Costs:                   $632.50

      WHEREFORE, the United States of America respectfully requests, pursuant to Federal Rules of Civil Procedure 54(d), 28 U.S.C. Section 1920, and the mortgage that is enforced in this action, that costs and allowances be taxed in the amounts specified above.

S/Gerald N. Murphy

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY 14604
(585) 325-7515
Fax: (585) 325-6287
Email: Murphy@forsythhowe.com

Sworn to before me, on
April 4, 2007
Jane E Kehoe
     Notary Public

JANE E. KEHOE
Notary Public, State of New York
Monroe County, #01KE6094677
Commission Expires 06/23/20__

EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                    :

                    Plaintiff,               :

     -v-                          :Civil 07-CV-0004 A

                                             :

Frank A. Catalano, III, Arlene A. Catalano, et al.
                    Defendants.    :

---

### AFFIRMATION OF LEGAL
### SERVICES AND COSTS

     Gerald N. Murphy, an attorney at law duly admitted to practice before this Court, hereby affirms under penalty of perjury as follows:

     1.   I am an attorney with the law firm of Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C., attorney for the Plaintiff United States of America acting by and through its agency, United States Department of Agriculture, Rural Housing Service, formerly Farmers Home Administration[1] (hereinafter referred to as "Plaintiff").  As such, I am fully familiar with the facts and circumstances of this case and the proceedings heretofore had herein.

     2.   I make this Affirmation in support of an application for an award of legal fees for services

performed on behalf of Plaintiff United States of America
in the prosecution of this foreclosure action. Affirmant
is fully familiar with the professional services furnished
by Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C. in this
matter.

3.    The subject mortgage provides for payment of
attorneys' fees as reasonably necessary for the plaintiff
to enforce its rights under the note(s) and mortgage(s).

4.    The attorney's fees (not including disbursements)
sought in this application are $1950.00, which represent
the base fee arrangement between plaintiff and Forsyth,
Howe, O'Dwyer, Kalb & Murphy, P.C. as compensation for
professional services rendered in this matter.

5.    Affirmant is a graduate of the State University
of New York at Buffalo School of Law and was admitted to
practice in the State of New York on January 1, 1990, and
admitted to practice in the Western District of New York on
April 2, 1990. Affirmant has been engaged in the practice
of real estate and foreclosure law since being admitted to
practice. Affirmant's firm currently represents private
and governmental institutions, including the Plaintiff

herein, in a number of areas of practice, including
foreclosure actions and other real estate actions and
transaction. Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
has provided professional legal services to local,
statewide and nationally based clients before state and
federal courts for over fifty (50) years, and enjoys a
strong reputation for professionalism and competence in its
areas of practice.

6.   The usual billing rate for Affirmant is $175.00
per hour, which is fair and reasonable and in line with the
hourly rates charged by other attorneys with similar
qualifications doing similar work in the foreclosure field
within the same geographic areas of practice.

7.   The usual billing rate for the firm's foreclosure
paralegals is $95.00 per hour which is fair and reasonable
and in line with the hourly rates charged by other law
firms for its staff doing similar work in the foreclosure
field within the same geographic areas of practice.

8.   The claim reflected by this lawsuit was referred
to Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C. by Plaintiff

as a result of the default of the Defendant(s) under the terms of a promissory note(s) and mortgage(s).

9.   It is respectfully submitted that the legal work performed was done in a highly competent manner and that the $1950.00 base fee incurred by Plaintiff for professional services provided by Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C. relating to the protection of Plaintiff's interests in this mortgage foreclosure action is fair and reasonable for the services performed.

10.   Services performed by Affirmant and/or his staff on behalf of Plaintiff included or will necessarily include:

Attorney/Paralegal

- Reviewing & setting up of case file   ½ hr        ½ hr

- Drafting and preparation of
  FDCPA letter                                       ½ hr

- Order and review of foreclosure search1 hr        ½ hr

- Drafting of Summons, Complaint and
  Notice of Pendency              ½ hr        1 hr

- Filing of Summons, Complaint and
  Notice of Pendency; filing of duplicate
  Notice of Pendency with County clerk              1 hr

- Preparation of Summons, Complaint for

service upon defendant; coordinating
with process server regarding details
of service until service is complete;
filing of affidavits of service with
Court Clerk                              1 hr      2 hr

- Review of client records and
  preparation of Affidavit of Facts,
  Affidavit of Plaintiff                 ½ hr      1 hr

- Preparation of Request for Entry
  of Default, affirmation in support
  of Entry of default and proposed
  Certificate of Entry of Default        ½ hr      1 hr

- Preparation of Notice of Motion
  for Judgment of Foreclosure and Sale,
  Affirmation in support of motion,
  preparation of exhibits, Affirmation in
  support of Plaintiff's costs,
  Affirmation for legal services and costs ½ hr   2 hrs

- Attendance on Motion for Judgment of
  Foreclosure and Sale (exclusive of travel
  Time to and from Court)                          ½ hr

- Preparation of Notice of Sale,
  Coordination with publisher and
  U.S. Marshal                                     1 hr

- Preparation of Marshal's Report of Sale,
  Marshal's Deed, Real Property Transfer
  Gains Tax Affidavit, Real Property
  Equalization Statement, arranging for
  Execution of same by Referee                     1 hr

- Filing of Marshal's Report of Sale
  with Clerk of Court                              ¼ hr

- Preparation of Marshal's Deed, tax forms
  with County Clerk, securing Certificate
  of No Exceptions                                 ½ hr

- Preparing, filing Notice of Motion
  for Order Confirming Sale, Affirmation

in support thereof, proposed Order
Confirming Sale                                    1 hr

11.  It is estimated that affiant will have expended 5 hours in prosecution of this foreclosure action.  At an hourly rate of $175.00 per hour, the services listed above, exclusive of travel costs and disbursements, would be $875.00.


12.  It is estimated that foreclosure paralegals of the law firm will have expended 13 hours in prosecution of this foreclosure action.  At an hourly rate of $95.00 per hour, the services listed above, exclusive of travel costs and disbursements, would be $1,258.75.


13.  The fee arrangement between Plaintiff and Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C. provides that Plaintiff will pay $1950.00 for the services listed above, exclusive of disbursements, which is less than that which would be charged if the matter were billed utilizing a straight hourly billing rate.

14. This affirmation is made and submitted for the purposes of establishing the legal fee provided for in the Judgment of Foreclosure and Sale in the instant action.

Dated: Rochester, New York    April 4, 2007

S/Gerald N. Murphy

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY 14604
(585) 325-7515
Fax: (585) 325-6287
Email: Murphy@forsythhowe.com

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A
COMMUNICATION FROM A DEBT COLLECTOR.